BEAVER v AUTO-OWNERS INSURANCE COMPANY, INC

Docket No. 78-3727. Submitted June 5, 1979, at Grand Rapids.—
Decided November 5, 1979. Leave to appeal applied for.

Russell C. Beaver was injured in a one-car automobile accident. He maintained two policies of no-fault insurance, one with Aetna Insurance Company and one with Auto-Owners Insurance Company, Inc. He received personal protection benefits from Aetna in the full amount to which he was entitled, that amount being less than the limits of the policy. He then applied to Auto-Owners, seeking to recover a similar sum. Auto-Owners refused the claim and Beaver brought an action in the Otsego Circuit Court for payment of the claim. William A. Porter, J., granted Auto-Owners' motion for summary judgment and Beaver appeals. *Held:*

The intent of the Legislature was to limit a plaintiff such as this, whose injuries are compensable by an amount less than the policy limits, to one recovery regardless of the number of insurance policies issued.

Affirmed.

1. STATUTES — CONSTRUCTION — LEGISLATIVE INTENT.

The words of a statute should be construed in light of the Legislative intent in enacting the statute.

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — STATUTES.

A provision of the no-fault automobile insurance statute which states that a limit shall be placed upon the amount of personal protection benefits available to an insured regardless of the number of insurance policies applicable precludes a person who is insured under two policies from recovering under the second policy after having been fully compensated for his injury under the first policy (MCL 500.3115[3]; MSA 24.13115[3]).

*Rensberry & Foster, P.C. (by Robert K. Kaufman),* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 145.
[2] New Topic Service, No-Fault Insurance §§ 1, 21, 22.

*Dreyer & DuBois,* for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR., and B. D. BURDICK,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff appeals as of right from a circuit court order granting defendant's motion for summary judgment, pursuant to GCR 1963, 117.2(1), for failure to state a claim upon which relief may be granted.

In January of 1975 plaintiff was injured in a one-car motor vehicle accident. He maintained, at his own expense, two policies of no-fault insurance. One policy was with Aetna Insurance Company and the other was with defendant. After receiving all the personal protection insurance benefits to which he was entitled from Aetna, plaintiff filed a second claim with defendant for a matching sum. The defendant refused the claim on the basis that plaintiff had already collected.

The issue is whether the no-fault act precludes the plaintiff full recovery upon each of two insurance policies for a single loss. MCL 500.3115(3); MSA 24.13115(3) states:

"*A limit* upon the amount of personal protection insurance benefits available because of accidental bodily injury to 1 person arising from 1 motor vehicle accident shall be determined without regard to the number of policies applicable to the accident." (Emphasis supplied.)

The trial court interpreted this section to preclude multiple recoveries and in its opinion stated:

"To the extent that plaintiff has received personal

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

protection insurance benefits from Aetna Insurance Company, he may not receive and is not entitled to recover from Auto-Owners Insurance Company."

Defendant's position is that the section prohibits multiple recovery. In addition, other provisions of the no-fault act make it clear that the intent was to make a person whole for his economic losses, not to compensate beyond those losses. Plaintiff contends that there is no express prohibition and the situation is not provided for under the no-fault statute. He paid two premiums and now claims he is entitled to two performances under basic contract law.

This is a case of first impression, as the courts have not previously dealt with the interpretation of this statute in this context. We agree with defendant and the circuit court that the no-fault act precludes recovery from both insurance companies in a situation such as we have here, *i.e.,* when the amount of injuries sustained is less than the policy limits. Moreover, by the use of the words "A limit" it is patently clear to us that the Legislature intended to limit plaintiff here to but one recovery regardless of the number of policies issued. This construction of the statute is consistent with the balance of the no-fault act.

*O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979), indicates that one of the basic purposes of the no-fault act is to prevent multiple recoveries which would result in windfall profits to insureds. *O'Donnell* involved the legislative judgment that recipients of no-fault insurance benefits are to be subject to a set-off of Federal social security survivor's benefits. Persons with economic needs or wages exceeding the maximum benefit allowable under no-fault insurance law are permitted to obtain private supplemental

coverage. The Court stated that one of the most important principles of statutory interpretation is that the words of the statute should be construed in light of the legislative intent. Elimination of duplicate benefits promotes the valid legislative objectives of attempting to reduce or contain the cost of no-fault insurance.

Plaintiff in the instant case is not seeking to collect under a separate private policy with extra coverage. He is attempting to collect double under two no-fault insurance policies. Aetna paid no-fault benefits in the amount of $19,970.63. After a deduction for property damage not covered by the defendant's policy, plaintiff claims another $18,410.80 due and owing from defendant for the identical personal protection insurance benefits already paid by Aetna. This Court will not compensate plaintiff beyond his losses. The purpose of no-fault is to prevent the very sort of windfall profit that plaintiff attempts to obtain.

No-fault is a compulsory insurance. Therefore it is important that the premiums be maintained as low as possible while still allowing adequate coverage to reimburse the insured for losses sustained. There is a public policy argument against allowing duplicate recoveries by the insured in this type of situation.

In *O'Donnell, supra* at 551-552, the Court held:

"In the case at bar, the Legislature has statutorily declared that the public policy of this state now favors certain set-offs. We have no authority to invalidate that legislative decision so long as it is supported by some rational basis."

In holding as we do, we do not rule out the possibility of similarly situated plaintiffs from re-

covering under both policies if the injuries are in excess of the policy limits.

While it does not seem equitable that defendant be allowed to retain premiums unless it indemnifies Aetna for a pro rata share of the loss, this is not at issue here and we need not address it.

Affirmed. No costs, interpretation of a statute involved.