BAGLEY v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 46760. Submitted June 16, 1980, at Detroit.—Decided
August 22, 1980.

Harry L. Bagley, a member of the United States Army stationed
in Michigan, was injured in an automobile accident. Bagley was
insured under a no-fault insurance policy issued by State Farm
Mutual Automobile Insurance Company. Medical treatment
and hospitalization for the injuries arising out of the automo-
bile accident were provided by the Army and his salary contin-
ued to be provided by the Army until Bagley was given a
disability discharge. Thereafter his treatment and hospitaliza-
tion was provided by the Veteran's Administration, and he has
been receiving from the Veteran's Administration full service-
connected disability benefits. Bagley sought personal protection
benefits under the no-fault insurance policy from State Farm.
State Farm denied payment of benefits under the insurance
policy on the basis that the Federal government benefits, which
exceeded its liability under the insurance policy, could be
subtracted from its liability. Bagley brought an action for
declaratory judgment. State Farm moved for summary judg-
ment. The Macomb Circuit Court, Edward J. Gallagher, J.,
granted the motion for summary judgment. Plaintiff appeals.
*Held:*

The Legislature clearly intended that the provision in the no-
fault insurance act which reduces the benefits payable under
that act by the amount of benefits received from the govern-
ment because of the accident giving rise to the no-fault claim
should apply to the medical and disability payments received
from the Army and Veteran's Administration. Defendant insur-
ance company, accordingly, properly subtracted those benefits
in determining its liability for personal protection benefits
under the no-fault insurance policy that it issued.

Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
[1] 7 Am Jur 2d (Rev), Automobile Insurance § 291.

INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — REDUCTION OF
BENEFITS — VETERANS BENEFITS.
    The Legislature clearly intended that the provision of the no-fault
insurance act which reduces the benefits payable pursuant to
that act to the extent of government benefits received because
of an automobile accident should apply to Army and Veterans'
Administration benefits received as a result of the automobile
accident giving rise to the no-fault insurance claim (MCL
500.3109[1]; MSA 24.13109[1]).

*Rock, Roberge, Hennings & Coburn,* for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber, P.C.,* for defendant.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

PER CURIAM. Plaintiff appeals from a circuit court opinion of July 10, 1979, and order of August 2, 1979, which granted summary judgment in favor of defendant in plaintiff's declaratory judgment action. The issue raised on appeal was whether the Legislature intended that § 3109(1) of the Michigan no-fault insurance act, MCL 500.3109(1); MSA 24.13109(1), apply to medical and disability benefits which the plaintiff received from the Army and Veterans' Administration as a result of the automobile accident. We find that the Legislature clearly intended the section to apply to such benefits. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979), *Beaver v Auto-Owners Ins Co, Inc,* 93 Mich App 399; 286 NW2d 884 (1979).
    Affirmed.

* Circuit judge, sitting on the Court of Appeals by assignment.