O'HANNESIAN v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 52497. Submitted May 12, 1981, at Detroit.—Decided
October 7, 1981. Leave to appeal applied for.

Charles O'Hannesian brought an action against the Detroit Auto-
mobile Inter-Insurance Exchange, seeking to recover no-fault
wage-loss benefits under duplicate policies of automobile insur-
ance. Both parties moved for summary judgment on the ground
that except as to the amount of damages there was no genuine
issue as to any material fact. Following a hearing, Wayne
Circuit Court, Horace W. Gilmore, J., granted the plaintiff's
motion, but denied his request for reasonable attorney fees. The
defendant appeals, the plaintiff cross-appeals. *Held:*

The trial court erred in granting the plaintiff's motion. Both
insurance policies contained valid "other insurance" clauses
precluding duplicate recovery. In addition, the limit prescribed
in the no-fault act on the amount of personal protection bene-
fits available to an insured irrespective of the number of
applicable insurance policies which he holds precludes either
duplicate recovery or recovery for actual loss in excess of the
statutory maximum.

Reversed.

INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE ACT — LIMITA-
TION OF BENEFITS — STATUTES.

The limit prescribed in the no-fault act on the amount of personal
protection benefits available to an insured irrespective of the
number of applicable insurance policies held precludes dupli-
cate recovery or recovery for actual loss in excess of the limit
(MCL 500.3107[b], 500.3115[3]; MSA 24.13107[b], 24.13115[3]).

*Martin S. Baum, P.C.,* for plaintiff.

*Dickinson, Pike, Mourad, Brandt & Hanlon* (by

REFERENCES FOR POINTS IN HEADNOTE
[1] 7 Am Jur 2d, Automobile Insurance §§ 367, 368.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

*William W. Taylor, II); Gromek, Bendure & Thomas* (by *James G. Gross* and *Judith A. Curtis,* of counsel), for defendant.

Before: D. F. WALSH, P.J., and D. C. RILEY and R. D. KUHN,* JJ.

PER CURIAM. This is an action to recover no-fault wage-loss benefits under an insurance policy issued by defendant. Both parties filed motions for summary judgment pursuant to GCR 1963, 117.2(3) in the trial court, and, following a hearing, in a written opinion, the court granted plaintiff's motion but denied his request for reasonable attorney fees pursuant to MCL 500.3148; MSA 24.13148. Defendant appeals as of right from the court's denial of its motion for summary judgment, and plaintiff cross-appeals the denial of his request for attorney fees.

These proceedings arise out of an automobile-motorcycle accident which occurred while plaintiff was operating a motorcycle without personal protection benefit coverage. At the time of the accident, however, plaintiff did have two insured automobiles. He was the named insured and principal driver of a 1969 Volkswagen van insured under a policy with Detroit Automobile Inter-Insurance Exchange (DAIIE), while he *and* his wife were named insureds and his wife the principal driver of a 1972 Chevrolet under a policy with Motorland Insurance Company, a wholly owned subsidiary of DAIIE.

Both policies provided for the same coverage, and both policies contained the following clauses:

"2. Other Insurance [Personal Protection Insurance].

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Division 2. If any injured person is entitled to re-
cover benefits under more than one policy, the maxi-
mum recovery under all such policies shall not exceed
the amount which would have been payable under the
provisions of the policy providing the highest dollar
limit of benefits payable.

"Regardless of the number of motor vehicles insured
or insurers (including self-insurers) providing security
in accordance with Chapter 31 of the Michigan Insur-
ance Code or the provisions of any other law providing
for direct benefits without regard to fault for motor or
any other vehicle accidents, no persons shall recover
duplicate benefits for the same expense or loss."

This dispute arises over the amount of work-loss
benefits to which plaintiff is entitled. At the time
of the accident, plaintiff's monthly wages as a
plumber were $2,326.13. As the result of his inju-
ries, plaintiff was off work 13-1/2 months. Defen-
dant paid all medical expenses which plaintiff
incurred as the result of the accident and the
maximum payable under either one of the policies,
adjusted to the cost of living which applied at the
time of the accident, or $1,111 a month. See MCL
500.3107(b); MSA 24.13107(b), Dep't of Commerce,
Insurance Bureau Bulletin 79-15. However, inas-
much as plaintiff's monthly work loss was
$2,326.13, 85 percent of which is $1,977.21, plain-
tiff made a further claim for wage-loss benefits
under his second policy for the difference between
$1,977.21 and $1,111 (or $866.21) for the 13-1/2
month period of his disablement. His claim for
$11,693.83 was refused by defendant, and plaintiff
initiated suit.

Defendant relies principally upon this Court's
decision in *Beaver v Auto-Owners Ins Co, Inc,* 93
Mich App 399; 286 NW2d 884 (1979) (the trial
court did not address the validity of the "other
insurance" clause), and presents this Court with

its first opportunity to address the issue *Beaver* did not decide: whether the no-fault act or an "other insurance' clause contained in a no-fault policy precludes plaintiff from stacking two no-fault policies in which plaintiff is a named insured to recover 85 percent of his actual work-loss benefits when this figure exceeds the maximum work-loss benefits payable under one policy.

In *Beaver,* the plaintiff was covered by two no-fault policies. He recovered all the personal injury protection benefits to which he was entitled under one policy and then filed a claim for recovery under his second policy. The issue, therefore, was whether MCL 500.3115(3); MSA 24.13115(3) precluded recovery under each policy. In affirming the trial court's denial of recovery, this Court held that the no-fault act precludes recovery from two companies where the loss sustained is less than the policy limits. The Court held further that:

"Moreover, by the use of the words 'A limit' it is patently clear to us that the Legislature intended to limit plaintiff here to but one recovery regardless of the number of policies issued. This construction of the statute is consistent with the balance of the no-fault act.

*       *       *

"Plaintiff in the instant case is not seeking to collect under a separate private policy with extra coverage. He is attempting to collect double under two no-fault insurance policies. * * * This Court will not compensate plaintiff beyond his losses. The purpose of no-fault is to prevent the very sort of windfall profit that plaintiff attempts to obtain.

"No-fault is a compulsory insurance. Therefore it is important that the premiums be maintained as low as possible while still allowing adequate coverage to reimburse the insured for losses sustained. There is a public policy argument against allowing duplicate recoveries

by the insured in this type of situation." *Beaver, supra,* 401-402.

Finally, the Court added this caveat:

"In holding as we do, we do not rule out the possibility of similarly situated plaintiffs from recovering under both policies if the injuries are in excess of the policy limits." *Id.,* 402-403.

Thus, MCL 500.3115(3); MSA 24.13115(3), which reads:

"(3) A limit upon the amount of personal protection insurance benefits available because of accidental bodily injury to 1 person arising from 1 motor vehicle accident shall be determined without regard to the number of policies applicable to the accident",

is construed as an "antistacking" provision. See *State Farm Fire & Casualty Co v Citizens Ins Co of America,* 100 Mich App 168; 298 NW2d 651 (1980). Therefore, while it is clear that *Beaver* disallows "stacking" to achieve duplicate recovery, the question is whether, by inference, it follows, as plaintiff urges, that "stacking" may be allowed where the insured is attempting simply to recover actual losses.

We conclude that it does not. We are persuaded that the "other insurance" clauses in the defendant's policies are valid and that the legislative intent in enacting MCL 500.3115(3); MSA 24.13115(3) precludes the stacking of personal injury protection benefits. The discernible legislative purpose is to make available minimum basic insurance coverage at minimal premium cost, allowing those who require more coverage to purchase additional coverage. We note that concurrent to the

enactment of MCL 500.3115(3); MSA 24.13115(3) the Legislature, enacted MCL 500.3107(b); MSA. 24.13107(b), which reads:

"(b) Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured and expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or of his dependent. Work loss does not include any loss after the date on which the injured person dies. Because the benefits received from personal protection insurance for loss of income are not taxable income, the benefits payable for such loss of income shall be reduced by 15% unless the claimant presents to the insurer in support of his claim reasonable proof of a lower value of the income tax advantage in his case, in which case the lower value shall apply. The benefits payable for work loss sustained in a single 30-day period and the income earned by an injured person for work during the same period together shall not exceed $1,00.00, which maximum shall apply pro rata to any lesser period of work loss. The maximum shall be adjusted annually to reflect changes in the cost of living under rules prescribed by the commissioner but any change in the maximum shall apply only to benefits arising out of accidents occuring subsequent to the date of change in the maximum."

This statute, which sets a maximum as to workloss benefits recoverable when read in concert with § 3115(3), which sets "a limit" upon the amount of personal injury protection available without regard to the number of policies applicable to the accident, convinces us that the legislative intent precludes this plaintiff from recovering under his second policy. Plaintiff may not, therefore, stack

his no-fault policies to recover in excess of the maximum monthly work-loss limits as established by MCL 500.3107(b); MSA 24.13107(b).

The validity of the "other insurance" clause is tied to our resolution of the question of whether there is an articulable legislative or judicial public policy which prevents enforcement of this provision. The "other insurance" clause, as we read it, is clear and unambiguous and seeks to implement the legislative intent expressed in MCL 500.3115(3); MSA 24.13115(3). We do not read "other insurance" paragraphs as contradictory or ambiguous, but, rather, we read the second paragraph as complementing the first. Further, in view of what we perceive as the legislative intent to preclude "stacking" of personal injury protection benefits, we conclude that the plaintiff's argument that there exists a public policy against enforcing "other insurance" clauses is untenable.

In light of our disposition of this issue, we need not address the remaining issue raised.

Reversed. No costs, a statutory interpretation being involved.