## WILTZIUS v PRUDENTIAL PROPERTY AND CASUALTY COMPANY

Docket No. 72214. Submitted October 15, 1984, at Marquette.—Decided December 3, 1984.

Plaintiffs, Wayne E. and Judith E. Wiltzius, were insured under a policy of no-fault automobile insurance issued by defendant, Prudential Property and Casualty Company. They were also insured under a health and accident policy. Judith Wiltzius was injured in an automobile accident and the health and accident insurer paid her medical expenses. Plaintiffs brought an action against defendant to recover full personal injury protection benefits under the no-fault policy. The district court granted summary judgment to defendant and, on appeal, the Delta Circuit Court, Clair J. Hoehn, J., held that plaintiffs were not entitled to no-fault benefits, based upon a policy provision prohibiting duplication of benefits. Plaintiffs appealed by leave granted, alleging that the matter is controlled by a coordination of benefits provisions which they assert applies only to other no-fault policies. Defendant alleges that the provision applies to any insurance other than no-fault insurance. *Held:*

1. Since another provision of the policy precludes duplication of benefits in the event there is another no-fault policy in effect, it is logical to conclude that the provision at issue applies to other than no-fault insurance.

2. The intent of the Legislature in requiring insurers to offer coordination of benefits clauses such as the one at issue was to prevent overlapping insurance coverage such as that sought by plaintiffs.

Affirmed.

Insurance — No-Fault Insurance — Coordination of Benefits — Health and Accident Insurance.

A no-fault insurance coordination of benefits clause, as authorized

References for Points in Headnote

[1] 7 Am Jur 2d, Automobile Insurance § 368.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

by statute, precludes an injured party who is covered by both a no-fault policy and a health and accident insurance policy from receiving benefits under both policies for the same injury; the legislative intent in requiring no-fault insurers to offer such coordination of benefits provisions with a reduction of premiums was to prevent such overlapping insurance coverage (MCL 500.3109a; MSA 24.13109[1]).

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *George C. Renner),* for plaintiffs.

*DeGrand, DeGrand & Reardon, P.C.* (by *Robert J. DeGrand),* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and R. M. MAHER, JJ.

ALLEN, P.J. In this matter of first impression, we are asked to determine whether an insured under a Michigan no-fault policy containing an insured-elected option excluding double recovery for "bodily injury sustained as the result of the operation, maintenance or use * * * of a motor vehicle", is entitled to no-fault benefits under such policy in addition to benefits already paid under a health and accident policy. The district court and the circuit court held "No". Plaintiffs appeal by leave granted.

Defendant, Prudential Property and Casualty Company, issued a policy of Michigan no-fault automobile insurance to plaintiffs effective from May 11, 1977, to November 11, 1977, which was, from time to time, renewed by plaintiffs, and was in full force and effect on January 15, 1980, the date of an automobile accident in which plaintiff Judith E. Wiltzius was injured. Plaintiffs were also insured under a health and accident policy which was in force at the time of the accident, and the medical expenses were paid by the health and

accident carrier. Plaintiffs claim they are entitled to all their personal injury protection benefits under the terms of the no-fault policy.

The insurance policy contains various options which the insured could elect, including a deductible (Options 1 through 3) and, in addition, the following options contained in Section IV of the policy:

"It is agreed that the insurance offered by the Michigan Personal Injury Protection Endorsement (Personal Protection Insurance) with respect to an eligible injured person who is a named insured or relative, is amended by any of the following elective options as designated in the declarations of this policy, subject to all terms of the Michigan Personal Injury Protection Endorsement (Personal Protection Insurance) not expressly modified herein:

"Option #4: This insurance does not apply to the extent that any amounts are paid or payable for work loss to or on behalf of such named insured or relative under the provisions of any other insurance, service, benefit or reimbursement plan providing similar direct benefits, without regard to fault, for bodily injury sustained as a result of the operation, maintenance or use, including the loading or unloading, of a motor vehicle. In the event that such benefits for allowable expenses to or on behalf of such named insured are not available at the time of loss, the Company's liability for allowable expenses shall be subject to a deductible of $300 with respect to the named insured.

"Option #5: This insurance does not apply to the extent that any amounts are paid or payable for allowable expenses to or on behalf of such named insured or relative under the provisions of any other insurance, service, benefit or reimbursement plan providing similar direct benefits, without regard to fault, for bodily injury sustained as a result of the operation, maintenance or use, including the loading or unloading, of a motor vehicle. In the event that such benefits for allowable expenses to or on behalf of such named insured are not available at the time of loss, the Company's liability

for allowable expenses shall be subject to a deductible of $300 with respect to the named insured.

"Option #6: This insurance does not apply to the extent that any amounts are paid or payable for allowable expenses and for work loss to or on behalf of such named insured or relative under the provisions of any other insurance, service, benefit or reimbursement plan providing similar direct benefits, without regard to fault, for bodily injury sustained as a result of the operation, maintenance or use, including the loading or unloading, of a motor vehicle. In the event that such benefits for allowable expenses to or on behalf of such named insured are not available at the time of loss, the Company's liability for allowable expenses shall be subject to a deductible of $300 with respect to the named insured.

"Attaching Clause: This endorsement is subject to the declarations, conditions, and other terms of the policy which are not inconsistent herewith, and forms a part of the policy to which it is attached."

Appellants elected Option #6, which was in effect at the time of the accident.

The policy also contains, in Section I, the following condition:

"5. Multiple Policies: Non-Duplication of Benefits. Regardless of the number of motor vehicles insured or insurers (including self-insurers) providing security in accordance with Chapter 31 of the Michigan Insurance Code, or the provisions of any other law providing for direct benefits without regard to fault for motor or any other vehicle accidents, no person shall recover duplicate benefits for the same expenses or loss.

"If any eligible injured person is entitled to recover benefits under more than one policy, the maximum recovery under all such policies shall not exceed the amount which would have been payable under the provisions of the policy providing the highest dollar limit of benefits payable."

Plaintiffs commenced an action to recover no-

fault benefits in the 94th Judicial District Court. Both plaintiffs and defendant filed motions for summary judgment, and, following oral argument, the district court entered an order granting defendant's motion for summary judgment. This order was affirmed by the Delta County Circuit Court June 6, 1983, in an opinion which did not speak to the effect of Option #6.[1]

Both parties agree that the controlling language for purposes of resolving the instant dispute is the language appearing in Option #6. Both parties also agree that Option #6 is a coordination of benefits provision and that the language in Option #6 is plain and unambiguous. However, the parties disagree as to what the language means. Plaintiffs construe Option #6 as applying only "where there are two or more applicable motor vehicle policies, in which event, *and only in which event,* the coordination of benefits clause contained in Option #6 prevents such double recovery". Defendant reads Option #6 as a coordination of benefits clause applying to "any other insurance" and construes the word "other" to mean "other than no-fault". Because the question raised is of first impression, neither party was able to cite a case directly bearing on the question involved.

We agree that Option #6 is controlling. However, we disagree that the language is plain and unambiguous. The very fact that respected counsel can so strongly disagree as to what the language means in itself suggests that the language is susceptible to more than one interpretation. Nevertheless, after reviewing the policy as a whole, we conclude that the better reasoning supports defendant's construction. Our reasons are twofold.

---

[1] The opinion of the circuit judge was based on the multiple policies provision found in Section I, § 5, of the policy. The court found that the language in that provision was not ambiguous and was controlling. No reference was made to Option #6.

First, the Multiple Policies provision found in Section I, § 5, of the policy (quoted earlier in this opinion) precludes duplication of benefits where more than one no-fault motor vehicle policy is involved. This is a common situation where a family owns two or more motor vehicles. Double recovery is prohibited in such instances under § 3115(3) of the Michigan no-fault act, MCL 500.3115(3); MSA 24.13115(3). Section I, § 5, is written in response to this statutory prohibition and appears in all standard no-fault policies issued in Michigan. See *Beaver v Auto-Owners Ins Co, Inc,* 93 Mich App 399; 286 NW2d 884 (1979). Since this provision already provides for nonduplication if two or more automobile no-fault policies are available, it is redundant to say the same thing again in Option #6. A more rational explanation would be to construe Option #6 as applying when "any other insurance" is available. In our opinion, this is precisely what the language in Option #6 does.

Second, coordination of benefits clauses are specifically authorzied by § 3109a of the Michigan no-fault act, which reads:

"An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably *related to other health and accident coverage on the insured.* The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household." MCL 500.3109a; MSA 24.13109(1). (Emphasis added.)

In particular, we note that the emphasized language in this section refers to other health and

accident coverage—the same other coverage as is in dispute in the case before us. The legislative intent embodied in § 3109a was extensively addressed in *Dean v Auto Club Ins Ass'n,* 139 Mich App 266; 362 NW2d 247 (1984), and found to be the prevention of overlapping insurance coverage by requiring automobile insurers "to offer deductibles of exclusions which wrap-around a policyholder's health and accident coverage". This is the precise situation involved in the case before us, *viz.:* an automobile policy and a separate health and accident policy. Construction of Option #6 as advocated by plaintiffs would virtually nullify the Legislature's intent embodied in § 3109a.

Accordingly, we rule that Option #6 is a valid, enforceable coordination of benefits provision under § 3109a, and affirm the order of the circuit court granting summary judgment to defendant.

Affirmed. No costs, a question of public importance being involved.