**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**DETROIT MILLMEN'S HEALTH AND WELFARE FUND and Janet Bryan, Defendants.**

**No. 88–CV–74665–DT.**

United States District Court, E.D. Michigan, S.D.

Jan. 24, 1990.

John P. Seyfried, Garan, Lucow, Miller, Seward, Cooper & Becker, P.C., Port Huron, Mich., for plaintiff.

Richard M. Selik, Bradley T. Raymond, Boaz Siegel and Finkel, Whitefield & Selik, P.C., Southfield, Mich., for defendant Detroit Millmen's Health and Welfare Fund.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

FRIEDMAN, District Judge.

This matter is presently before the court on cross motions for summary judgment. Summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

In the present case, the facts are not in dispute. The parties have stipulated to the following facts:

1. Plaintiff, Allstate Insurance Company ... offers automobile insurance policies in accordance with the requirements of the Michigan No Fault Automobile Insurance Act [MCLA 500.3101 (et seq) ].

2. Defendant, Detroit Millmen's Health & Welfare Fund ("Millmen"), is an Employee Welfare Benefit Plan as defined by Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(1).

3. Defendant Millmen is currently, and was at the time of the accident set forth in the Complaint, fully self-insured and provided medical, hospital and other health care related benefits to its participants. Defendant Millmen has never purchased stop loss insurance coverage.

4. Plaintiff provided a no fault automobile insurance policy under which Janet Bryan was a covered person.

5. Plaintiff's policy contained a coordination of benefits endorsement as required by MCLA 500.3109a.

6. Janet Bryan is a beneficiary of the health care insurance provided by Defendant Millmen.

7. Defendant Millmen's Plan contains a provision which excludes from coverage thereunder any claim arising out of an auto or other vehicular accident. The exclusion provision of the Millmen's Plan states as follows:

EXCEPTIONS:

Benefits are not provided for:

\* \* \* \* \* \*

6. Any loss resulting from automobile or other vehicular accidents.

8. Janet Bryan sustained bodily injury as a result of an automobile accident on December 19, 1987. Plaintiff has paid certain medical expenses on behalf of Defendant as a result of this accident.

■ In its complaint for declaratory relief, plaintiff Allstate alleges that on December 19, 1987, defendant Janet Bryan was injured in an automobile accident; that at the time Bryan was insured under a no-fault policy issued by Allstate; that the no-fault policy contained "a coordinated benefits clause wherein plaintiff, as the no-fault carrier, is liable for no-fault personal injury protection benefits only to the extent that same are in excess of coverage for expenses provided under any individual or group health care coverage plan"; and that at the time of her accident Bryan was also covered by a health insurance policy provided by defendant Detroit Millmen's Health and Welfare Fund, which contained a provision extending personal injury benefits only "in excess of insurance for expenses provided under any no-fault policy of insurance." Allstate asserts that under M.C.L. § 500.3109a, it is entitled to recoup from the Millmen's Fund "amounts paid on behalf of its insured as a result of injuries sustained in the ... accident, which would not be in excess of the coverage available under defendant's health care coverage plan ..." Plaintiff also seeks a declaration that it is not liable for "any future no-fault personal injury protection benefits ... which are not in excess of the coverage available under the defendant's health care coverage plan."

M.C.L. § 500.3109a states:

An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household.

The purpose of this statute is to "eliminate duplicative recovery and to contain insurance costs." *LeBlanc v. State Farm,* 410 Mich. 173, 197, 301 N.W.2d 775 (1981). *See, also, Lewis v. Transamerica Insurance Corp. of America,* 160 Mich.App. 413, 418, 408 N.W.2d 458 (1987); *Wiltzius v. Prudential Property and Casualty Co.,* 139 Mich.App. 306, 312, 361 N.W.2d 797 (1984). Under this statute, if a claimant for personal injury benefits has health/accident insurance and no-fault insurance policies, both of which seek to place primary responsibility for automobile injury benefits on the other, it is the health insurance carrier that is primarily liable. *See, e.g., Federal Kemper Insurance Co. v. Health Administration, Inc.,* 424 Mich. 537, 551, 383 N.W.2d 590 (1986).

The disposition of this matter is squarely controlled by *Liberty Mutual Insurance Group v. Iron Workers Health Fund of Eastern Michigan,* 879 F.2d 1384 (6th Cir. 1989). That case involved facts nearly identical to those presented here. The no-fault carrier sued its insured's health and medical plan, an ERISA plan issued by the insured's union, in order to recoup the medical expenses paid after the insured was injured in an automobile accident. As in the present case, the insured in *Iron Workers* had elected to coordinate his no-fault coverage with the health and accident coverage pursuant to M.C.L. § 500.3109a. And, as in the present case, the health and accident policy specifically excluded coverage for any loss resulting from automobile accidents.

Just as in the present case, the plaintiff no-fault carrier in *Iron Workers* argued in its summary judgment motion "that M.C.L. § 500.3109a, as interpreted by the Michigan Supreme Court in *Federal Kemper,* required the court to disregard the Fund's exclusion." 879 F.2d at 1385. The Sixth Circuit agreed that Michigan courts probably would extend *Federal Kemper* in this way, but concluded that application of § 3109a to an employee welfare benefit plan would run afoul of ERISA. The court therefore concluded that § 3109a, when so applied, is preempted:

[T]he state regulation in question, as we have assumed the Michigan courts would interpret it, is plainly a mandated-benefit statute of the type discussed in *Metropolitan Life* [*Insurance Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985)]. It would require the ERISA plan to provide a benefit which would not otherwise be provided to employees: coverage for injuries incurred as the result of an automobile accident. The law would therefore fall within the narrow reading given the "deemer" clause by the court in *Northern Group Services* [*v. Auto Owners Insurance Co.*, 833 F.2d 85 (6th Cir. 1987)].

In sum, even though § 3109a is the Michigan statute at issue in both *Northern Group Services* and in this case, the added gloss given the statute by our assumption that the Michigan courts would extend *Federal Kemper* to outright automobile accident exclusions requires us to reach a different answer to the question of whether ERISA preempts it.

We hold that even *if Michigan law requires this court to disregard the automobile accident exclusion set forth in the Fund's health and accident policy, that state law is preempted.*

879 F.2d at 1388 (emphasis added).

Given the Sixth Circuit's clear holding that, under circumstances such as those presented in this case, § 3109a is preempted by ERISA, the court has no alternative but to grant defendant's motion for summary judgment.

■ Plaintiff also makes a half-hearted argument, at pages 4–5 of its brief, that the court lacks subject matter jurisdiction over this matter and that the case therefore was improperly removed from state court and should be remanded. Specifically, plaintiff argues that its "claim for reimbursement arises strictly by virtue of operation of state law ... The first time that

the issue of ERISA preemption surfaced in this claim was by virtue of defendant's answer, raising same as a defense to Allstate's claim." Plaintiff argues that because the possibility of ERISA preemption does not appear on the face of the complaint, under the "well-pleaded complaint rule" enunciated in *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), no federal question was presented and removal was improper.

The only Sixth Circuit opinion cited by plaintiff in support of this position is *Transamerica Insurance Company of North America v. Detroit Carpenters Health and Welfare Fund*, 883 F.2d 76 (6th Cir.1989). In *Transamerica*, which involved facts similar to those presented by the instant action, the court determined that the "complaint in the case at bar does not present a federal question. It merely alleges a state law action for subrogation. The federal question arises only as defense ..." The court concluded that no federal question was raised by the complaint itself, and that the district court therefore had no jurisdiction to hear the case.

Rule 10(f) of the Rules of the Sixth Circuit specifically provides that "[c]itation of unpublished decisions by counsel in briefs and oral arguments in this court and in the district courts within this circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case." More importantly, the court's opinion in *Transamerica* appears to be at odds with *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987),[1] in which the Supreme Court held that the well-pleaded complaint is inapplicable when "Congress ... so completely pre-empt[s] a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." 481 U.S. at 63–64, 107 S.Ct. at 1546. The court further held that a claim brought under state law to recover benefits from an ERISA plan belongs to this "select group":

---

**1.** The decision in *Transamerica* also appears to be inconsistent with at least two prior published panel decisions of the Sixth Circuit, *Kentucky Laborers District Council Health and Welfare Fund v. Hope*, 861 F.2d 1003 (6th Cir.1988), and

*Whitworth Bros. Storage Co. v. Central States*, 794 F.2d 221 (6th Cir.1986). Both of these decisions noted that a claim for ERISA benefits necessarily gives rise to federal question jurisdiction.

Accordingly, this suit, although it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "arise[s] under the ... laws ... of the United States," 28 USC § 1331 [28 U.S.C.S. § 1331], and is removable to federal court by the defendants, 28 USC § 1441(b) [28 U.S.C.S. § 1441(b)]....

481 U.S. at 67, 107 S.Ct. at 1548.

The present action, just as the one involved in *Metropolitan Life*, "purports to raise only state law claims," but in reality seeks to collect benefits from an ERISA plan. The fact that plaintiff in the case at bar seeks to collect these benefits by way of a subrogation action is immaterial. Defendant correctly notes that a subrogee simply "stands in the shoes of the subrogor and acquires no greater rights than those possessed by the subrogor." *Federal Kemper Insurance Co. v. Isaacson*, 145 Mich.App. 179, 182, 377 N.W.2d 379 (1985). The same rule applies where a subrogee seeks ERISA benefits to which the subrogee is entitled. *See, e.g., Hermann Hospital v. MEBA Medical & Benefits*, 845 F.2d 1286 (5th Cir.1988); *Misic v. Building Service Employees Health & Welfare*, 789 F.2d 1374 (9th Cir.1986). The Supreme Court's decision in *Metropolitan Life* mandates a conclusion that this case presents a federal question and that it was properly removed to federal court. Consequently, plaintiff's jurisdictional challenge must be rejected.

For the reasons stated above, the court concludes that it has federal question jurisdiction over this matter, and that disposition of the merits is governed by *Liberty Mutual Insurance Group v. Iron Workers Health Fund, supra.* Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied.

SO ORDERED.