**LIBERTY MUTUAL INSURANCE GROUP, Plaintiff–Appellant,**

**v.**

**IRON WORKERS HEALTH FUND OF EASTERN MICHIGAN, Defendant–Appellee.**

No. 88–1851.

United States Court of Appeals, Sixth Circuit.

Argued April 13, 1989.

Decided July 19, 1989.

Rehearing and Rehearing En Banc Denied Sept. 5, 1989.

William J. Brickley (argued), Ann M. Cisco, Garan, Lucow, Miller, Seward, Cooper & Becker, Detroit, Mich., for plaintiff-appellant.

Leo Nouhan (argued), Sullivan, Ward, Bone, Tyler, Fiott & Asher, Southfield, Mich., for defendant-appellee.

Before RYAN and NORRIS, Circuit Judges, and TURNER, District Judge.*

RYAN, Circuit Judge.

The principal issue the parties have asked us to decide in this diversity case is one of state law: whether the Michigan Supreme Court, if asked, would extend its holding in *Federal Kemper Insurance Co. v. Health Administration, Inc.*, 424 Mich. 537, 383 N.W.2d 590 (1986), to require health and accident insurance carriers in Michigan, including Employee Retirement Income Security Act benefit plans, to provide coverage for injuries suffered in automobile accidents whenever the insured has elected, pursuant to Mich.Comp.Laws § 500.3109a (1983), to coordinate his no-

---

* The Honorable Jerome Turner, United States District Judge for the Western District of Tennessee, sitting by designation.

fault coverage with his health and accident coverage.

■ We decline to reach this difficult question of state law—one not yet addressed by the Michigan Supreme Court—because we hold that, on the facts of this case, even if Michigan would mandate such a result, an application of the statute to a fund organized under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. § 1001 *et seq.* (1985), is preempted by federal law. We shall therefore affirm the summary judgment that was entered by the district court for the Iron Workers' Health Fund of Eastern Michigan.

## I.

Albert Gwitt suffered injuries and incurred medical expenses as the result of an automobile accident on November 29, 1986. At the time of the accident, Gwitt was insured by a Michigan No–Fault Automobile Insurance policy issued by appellant Liberty Mutual Insurance Company ("Liberty Mutual"). Gwitt was also insured through his labor union under a general health and medical plan issued by appellee Iron Workers Health Fund of Eastern Michigan ("the Fund"), and he had elected, as he was permitted to do under § 3109a, to coordinate his no-fault automobile coverage with the health and accident coverage provided by the Fund. The Fund is a fully self-insured employee welfare benefit plan as defined by § 3(1) of ERISA, 29 U.S.C.A. § 1002(1) (Supp.1988). The Fund's health and accident policy specifically provides:

> The following services and benefits are not covered by the Iron Workers' Health Fund of Eastern Michigan:
>
> *     *     *     *     *     *
>
> 26. Medical, hospital, surgical or loss of time benefits resulting from an automobile accident.

Liberty Mutual, pursuant to the no-fault policy, paid all of the medical expenses incurred by Gwitt as a result of the auto-

mobile accident. However, it filed a complaint in the district court[1] against the Fund seeking reimbursement for all medical expenses paid on behalf of Gwitt as well as a declaration that the Fund is responsible for any future medical expenses incurred as a result of the November 29, 1986 accident. Both parties subsequently filed motions for summary judgment. Liberty Mutual contended that M.C.L. § 500.3109a, as interpreted by the Michigan Supreme Court in *Federal Kemper*, required the court to disregard the Fund's exclusion. Section 3109a requires no-fault insurers to provide insureds with the option of coordinating their no-fault insurance with other health and accident coverage. In *Federal Kemper*, the Michigan Supreme Court held that in cases where both the no-fault policy and health and accident policy have an "other insurance" clause which purports to place primary liability on the other insurer, primary liability will, nevertheless, fall on the health and accident carrier. 424 Mich. at 551, 383 N.W.2d at 596. The court based this holding upon its conclusion that the legislature enacted § 3109a in order to reduce the cost of auto insurance and to reduce the cost of health care insurance. *Id.* at 549–50, 383 N.W.2d at 595–96. Liberty Mutual argued that the same policy objectives require that the Fund's automobile accident exclusion clause be disregarded. The Fund responded that *Federal Kemper* and its progeny do not require health and accident carriers to assume the risk of liability resulting from automobile accidents when their policy specifically excludes such coverage. The Fund also argued that even if *Federal Kemper* does require that the exclusion clause be disregarded, such an application to the Fund is preempted by ERISA.

The district court concluded that § 3109a, as interpreted by *Federal Kemper*, does not apply to the case at bar because in that case, "there was no specific exclusion, no exclusion like we have here, and there is nothing in the law that I know

---

**1.** The district court had jurisdiction to hear the case on the basis of diversity of citizenship. 28

U.S.C.A. § 1332(a) (Supp.1989).

of that says parties cannot specifically provide for exclusion of certain types of benefits...." The court therefore entered an order granting summary judgment to the Fund. This appeal followed.

## II.

Assuming without deciding that the Michigan Supreme Court would extend its holding in *Federal Kemper* to require that health and accident insurance policies in Michigan must provide automobile accident coverage even when such coverage is specifically excluded, thus requiring this court to disregard the Fund's automobile accident exclusion clause in this case, we must determine whether ERISA preempts application of the law to the Fund.

Congress, in what the Supreme Court aptly observed is "perhaps ... not a model of legislative drafting," *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985), has adopted a three-step scheme for determining whether state law is preempted by ERISA. It begins with an extremely broad provision preempting "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" described in the act. 29 U.S.C.A. § 1144(a) (1985). "The phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Metropolitan Life*, 471 U.S. at 730, 105 S.Ct. at 2384 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). However, Congress has narrowed the otherwise broad sweep of the preemption provision in the second step of the scheme, the so-called "saving" clause. It provides:

Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

29 U.S.C.A. § 1144(b)(2)(A) (1985). The "saving" clause, however, is then modified

by a third step, the so-called "deemer" clause, which states:

Neither an employee benefit plan described in [the act] ..., nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 U.S.C.A. § 1144(b)(2)(B) (1985).

Thus, assigning to Congress' language the meaning the words used seem to connote, it appears that if a state law "relate[s] to" an ERISA benefit plan it is preempted; but if the state law "regulates insurance" it is not preempted. But an ERISA covered employee benefit plan that provides insurance coverage is "deemed" not to be an insurance company for purposes of state laws regulating insurance, and ERISA, therefore, preempts such state laws.

In *Metropolitan Life*, the Supreme Court addressed a Massachusetts statute which required general health policies to provide certain specified minimum mental health care benefits whether insurance carriers chose to provide such coverage or not. The carriers in that case were not employee benefit plans, but they provided group health policies, albeit without mental illness benefits, to various ERISA plans. Thus, the Court was presented with a situation in which a state insurance regulation indirectly affected an ERISA plan. The Court held that because the Massachusetts statute unquestionably "regulated insurance," it was protected by the "saving" clause and therefore not preempted. 471 U.S. at 740–47, 105 S.Ct. at 2389–93. Because the insurance companies before the Court were not themselves employee benefit plans, the Court had no occasion to interpret the "deemer" clause to determine whether it prevents states from imposing mandated-benefit laws on self-insured ERISA plans. Nevertheless, in dicta, the Court stated:

We are aware that our decision results in a distinction between insured and uninsured plans, leaving the former open to indirect regulation while the latter are not. By so doing, we merely give life to a distinction created by Congress in the "deemer clause," a distinction Congress is aware of and one that it has chosen not to alter.

*Id.* at 747, 105 S.Ct. at 2393. The clear implication of this dicta, then, is that mandated-benefit statutes, as applied to ERISA plans which are self-insuring, are preempted because the "deemer" clause prevents ERISA plans from being "deemed to be an insurance company or other insurer ... for the purpose of any law of any State purporting to regulate insurance companies, insurance contracts...."

In spite of this dicta, this court has held in *Northern Group Services v. Auto–Owners Insurance Co.*, 833 F.2d 85, 90–95 (6th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), that § 3109a, as interpreted in *Federal Kemper*, is not preempted by ERISA. In *Northern Group Services*, the court addressed a challenge by several employee benefit plans seeking to have the § 3109a coordination of benefits provision declared preempted by ERISA. It is important to recognize that the court was addressing the Michigan statute as it had then been interpreted by *Federal Kemper*: a requirement that "other insurance" clauses in health and accident policies, including those issued by employee benefit plans, must yield to similar clauses in no-fault policies. Thus, the court was *not* addressing a state law which affirmatively required employee benefit plans to provide coverage for injuries resulting from automobile accidents in spite of explicit language excluding such coverage in the ERISA policy. After concluding that § 3109a "clearly 'regulates insurance' within the meaning of the savings clause," 833 F.2d at 90, the court considered the question of whether the "deemer" clause required preemption of § 3109a as applied to ERISA plans. The court quoted the above-cited dicta from *Metropolitan Life* setting forth the distinction between insured and uninsured plans, but

nevertheless concluded that self-insured plans are not "totally immune from traditional state insurance regulation." *Id.* at 91. The court noted that both the "saving" clause and the McCarran–Ferguson Act plainly manifested a policy in favor of preserving state regulation of insurance. *Id.* at 92. For this reason, the court said, the "deemer" clause should be read narrowly to preempt only those state laws which evince a "state purpose specifically to regulate the content of welfare benefits provided by ERISA...." *Id.* at 93. In sum, the court held that "for the deemer clause to override the savings clause in a given case, there must be some ERISA interests in uniformity to outweigh the McCarran–Ferguson interests in state regulation of insurance." *Id.* at 95.

With respect to § 3109a, "[n]either the principal purpose nor the main effect of the Michigan coordination of benefits law is to restrict the range of options left open to ERISA plans. The State legislature and its courts simply have decided that medical expenses resulting directly from an auto accident should be paid first by *those who have specifically insured the medical risk* in the form of health and hospitalization coverage rather than by the no-fault insurance liability carrier.... ERISA plans are treated no differently than other entities providing 'coverage.' " *Id.* at 93 (emphasis added). The court therefore concluded that the Michigan statute is not preempted by ERISA because it does not represent a state attempt to regulate the content of welfare benefits provided by employee benefit plans. *Id.* at 93–95.

It would appear at first blush that *Northern Group Services* requires us to hold in this case that § 3109a is not preempted by ERISA. However, such a ruling would ignore the very different effect of the application of § 3109a to the "other insurance" coverage provision contained in the benefit plan considered by the *Northern Group* panel and, under our assumption, its effect upon the exclusion of coverage language in the Fund plan before us. The *Northern Group Services* court was not interpreting a statute which re-

# 1388

quires ERISA plans to provide coverage for automobile accidents even where the plan's unambiguous language excludes such coverage. Section 3109a, as it had then been interpreted by *Federal Kemper*, did not regulate the content of welfare benefits provided by ERISA plans, but merely required plans which provide automobile accident coverage to assume primary liability when such coverage is also provided by a no-fault carrier. In this case, however, the state regulation in question, as we have assumed the Michigan courts would interpret it, is plainly a mandated-benefit statute of the type discussed in *Metropolitan Life*. It would require the ERISA plan to provide a benefit which would not otherwise be provided to employees: coverage for injuries incurred as the result of an automobile accident. The law would therefore fall within the narrow reading given the "deemer" clause by the court in *Northern Group Services*.

In sum, even though § 3109a is the Michigan statute at issue in both *Northern Group Services* and in this case, the added gloss given the statute by our assumption that the Michigan courts would extend *Federal Kemper* to outright automobile accident exclusions requires us to reach a different answer to the question of whether ERISA preempts it.

## III.

We hold that even if Michigan law requires this court to disregard the automobile accident exclusion set forth in the Fund's health and accident policy, that state law is preempted. For this reason, the order of the district court granting summary judgment to the Fund is AFFIRMED.