904 F.2d 708
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TRANSAMERICA INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellant,
v.
DETROIT CARPENTERS HEALTH AND WELFARE FUND; Iron Workers
Health Fund, Trustees of the Operating Engineers,
Local 324 Health Care Plan, Defendants-Appellants.
 Nos. 88-1853, 88-1856, 88-1857 and 89-1275.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1990.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 In these four cases which have been consolidated for appeal, Transamerica Insurance Company ("Transamerica") appeals the orders of the district court granting summary judgment, respectively, to the Detroit Carpenters Health and Welfare Fund, the Iron Workers Health Fund, the Trustees of the Operating Engineers, and, in two of the appeals, the Trustees of the Operating Engineers, Local 324 Health Care Plan (collectively "defendants").[1]
 
 
 2
 The issue is whether the Michigan Supreme Court would extend its holding in Federal Kemper Ins. Co. v. Health Ins. Admin., Inc., 424 Mich. 537, 383 N.W.2d 590 (1986), to require health and accident insurance carriers in Michigan, including Employment Retirement Income Security Act benefit plans, to provide coverage for injuries suffered in automobile accidents although their policy specifically excludes such coverage.
 
 
 3
 Although we believe that the Michigan Supreme Court, if presented with the facts of these cases, would conclude as a matter of Michigan law that where there is no coordination of benefits provision in the health and accident policy a straightforward exclusion of coverage for automobile accidents should be enforced, we decline to reach this question of state law because we hold, on the facts of these cases, that even if Michigan law would mandate such a result, an application of the statute to these funds, organized under the Employment Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1001 et seq. (1985), is preempted by federal law. We therefore affirm the district court's grant of summary judgment in favor of defendants.
 
 I.
 
 4
 In each of these cases, an individual who had purchased Michigan No-Fault Automobile Insurance from Transamerica suffered injuries and incurred medical expenses as the result of an automobile accident. Each was also covered by a general health and medical plan issued by one of the defendants, and each individual had elected, under an option afforded by state law, Mich.Comp.Laws Ann. Sec. 500.3109a (West 1983),[2] to coordinate his or her no-fault coverage with the health and accident coverage provided by defendants. Each defendant is a fully self-insured employee welfare benefit plan as defined by section 3(1) of the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. Sec. 1002(1) (Supp.1988). The defendants' health and accident policies all specifically exclude coverage for claims arising from automobile accidents.
 
 
 5
 Transamerica, pursuant to the no-fault policies, has paid all of the medical expenses incurred by each individual as a result of the automobile accident. However, Transamerica filed a complaint in the 63rd Judicial District Court in Kent County, Michigan against each defendant seeking reimbursement for all medical expenses paid on behalf of the individuals. Defendants removed the case to the District Court for the Western District of Michigan, and the case was thereafter transferred to the Eastern District. All parties subsequently filed motions for summary judgment.
 
 
 6
 Transamerica contended that it was entitled to subrogation for the expenses it incurred on behalf of the individual insureds because Mich.Comp.Laws Ann. Sec. 500.3109a (West 1983), as interpreted by the Michigan Supreme Court in Federal Kemper Ins. Co. v. Health Ins. Admin., Inc., 424 Mich. 537, 383 N.W.2d 590 (1986), required the court to disregard defendants' exclusions. Section 3109a requires no-fault insurers to provide insureds with the option of coordinating their no-fault insurance with other health and accident coverage.
 
 
 7
 Defendants responded that Federal Kemper and its progeny do not require health and accident carriers to assume the risk of liability resulting from automobile accidents when their policy specifically excludes such coverage. Defendants also argued that even if Federal Kemper does require that the exclusion clause be disregarded, such an application to defendants is preempted by ERISA.
 
 
 8
 The district court concluded that section 3109a, as interpreted by Federal Kemper, does not apply to the case at bar because, in that case, "there was no specific exclusion, no exclusion like we have here, and there is nothing in the law that I know of that says parties cannot specifically provide for exclusion of certain types of benefits...." The court therefore entered orders granting summary judgment to defendants.[3]
 
 II.
 
 9
 We decline to decide the important state law question whether the Michigan Supreme Court would extend its holding in Federal Kemper to require that health and accident insurance policies in Michigan must provide automobile accident coverage even when such coverage is specifically excluded because we find that ERISA preempts application of that state law to the general health plans issued by defendants.
 
 
 10
 This case is controlled by our analysis in Liberty Mut. Ins. Group v. Iron Workers Health Fund of Eastern Michigan, 879 F.2d 1384 (6th Cir.1989). In Liberty Mutual we held:
 
 
 11
 [E]ven if Michigan law requires this court to disregard the automobile accident exclusion set forth in the Fund's health and accident policy, that state law is preempted.
 
 
 12
 879 F.2d at 1388.
 
 
 13
 In Liberty Mutual, we discussed the three-tiered scheme for determining whether state law is preempted by ERISA as set forth by the Supreme Court in Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985). We found the broad sweep of the preemption provision, 29 U.S.C. Sec. 1144(a) (1985),[4] is narrowed by the "saving" clause, which exempts from preemption any state law regulating insurance. 29 U.S.C. Sec. 1144(b)(2)(A) (1985). In turn, the "saving" clause is then modified by the "deemer" clause, 29 U.S.C. Sec. 1144(b)(2)(B) (1985), which deems an ERISA employee benefit plan that provides insurance coverage is not an insurance company for purposes of state laws regulating insurance and, therefore, ERISA preempts the application of state insurance laws to such employee benefit plans. Liberty Mutual, 879 F.2d at 1386-87.
 
 
 14
 Although this court in Northern Group Services v. Auto Owners Ins. Co., 833 F.2d 85, 90-95 (6th Cir.1987), cert. denied, 486 U.S. 1017 (1988), narrowly interpreted the "deemer" clause and held that, pursuant to Federal Kemper, section 3109a is not preempted by ERISA, Northern Group Services does not control the outcome of this case. Northern Group Services found section 3109a as interpreted by Federal Kemper required that where "other insurance" clauses were contained in the health and accident policies, including those issued by ERISA employee benefit plans, those clauses must yield to similar clauses in no-fault policies. In this case, as in Liberty Mutual, the health and accident policy issued by the ERISA employee benefit plans does not contain "other insurance" clauses but rather contains explicit language excluding coverage for injuries suffered in automobile accidents.
 
 As this court held in Liberty Mutual:
 
 15
 It would appear at first blush that Northern Group Services requires us to hold in this case that Sec. 3109a is not preempted by ERISA. However, such a ruling would ignore the very different effect of the application of Sec. 3109a to the "other insurance" coverage provision contained in the benefit plan considered by the Northern Group panel and, under our assumption, its effect upon the exclusion of coverage language in the Fund plan before us. The Northern Group Services court was not interpreting a statute which requires ERISA plans to provide coverage for automobile accidents even where the plan's unambiguous language excludes such coverage. Section 3109a, as it had then been interpreted by Federal Kemper, did not regulate the content of welfare benefits provided by ERISA plans, but merely required plans which provide automobile accident coverage to assume primary liability when such coverage is also provided by a no-fault carrier. In this case, however, the state regulation in question, as we have assumed the Michigan courts would interpret it, is plainly a mandated-benefit statute of the type discussed in Metropolitan Life. It would require the ERISA plan to provide a benefit which would not otherwise be provided to employees: coverage for injuries incurred as the result of an automobile accident. The law would therefore fall within the narrow reading given the "deemer" clause by the court in Northern Group Services.
 
 
 16
 879 F.2d at 1387-88.
 
 
 17
 Therefore, as in Liberty Mutual, 879 F.2d at 1388, we conclude that "even if Michigan law requires this court to disregard the automobile accident exclusion set forth in the Fund's health and accident policy, that state law is preempted."
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 We filed an opinion in this case on August 14, 1989 reversing the judgment of the district court on jurisdictional grounds. Appellant then filed a motion for rehearing en banc which is now pending
 Upon reconsideration, we have determined that we erred in our previous resolution of this case and now conclude, for the reasons stated hereafter, that the district court had jurisdiction to entertain the case and that its judgment for the defendants should be affirmed. Consequently, we shall direct that our opinion previously filed be withdrawn, the judgment entered thereon be vacated, and a judgment be entered affirming the judgment of the district court.
 
 
 [2]
 Section 500.3109a provides:
 An insurer providing personal protection benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household.
 Mich.Comp.Laws Ann. Sec. 500.3109a (West 1983).
 
 
 [3]
 The district court's opinion, quoted above, actually applied only to Nos. 88-1853, 88-1856, and 88-1857. The appeal in No. 89-1275 involves the same parties as No. 88-1857, but pertains to a different individual insured. It was heard by the district court three months after the hearing in the other three cases. Because No. 89-1275 involved the same parties and issues as No. 88-1857, the district court granted summary judgment to defendant on the ground of res judicata
 
 
 [4]
 Section 1144(a) preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefits plan" described in the Act. 29 U.S.C. Sec. 1144(a) (1985)