**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**OPERATING ENGINEERS LOCAL 324 HEALTH CARE PLAN and Thomas Brauer, Defendants.**

**No. 90–CV–71194–DT.**

United States District Court, E.D. Michigan, S.D.

Aug. 3, 1990.

David E. Oppliger, Port Huron, Mich., for plaintiff.

Richard M. Selik, Southfield, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

In this matter, removed from state court, plaintiff has filed a motion to remand contending that the Court lacks subject matter jurisdiction. The Court disagrees and, accordingly, will deny such motion. Also pending are cross-motions for summary judgment. In this Court's opinion, defendant is entitled to summary judgment.

## I.

The motion to remand raises a "pre-emption" issue. Plaintiff, a no-fault insurer, essentially seeks reimbursement for personal injury protection benefits paid by it to one of its insureds pursuant to M.C. L.A. 500.3109a and such statute's case law interpretation. *See Fed. Kemper Ins. Co. v. Health Admin., Inc.,* 424 Mich. 537, 383 N.W.2d 590 (1986). Indeed, plaintiff's complaint makes *no* reference to federal law. Nevertheless, defendant, as alluded to above, removed this action. In its petition for removal, it asserted that the Court enjoys federal question jurisdiction, specifically, jurisdiction under the Employment Retirement Income Security Act of 1974 ("ERISA", hereafter), 29 U.S.C. § 1001 *et seq.* Defendant's assertion derives from *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). There, the United States Supreme Court acknowledged that the content of a well-pleaded complaint marks the "boundaries of the federal question jurisdiction of the federal district courts." *Id.* 107 S.Ct. at 1546. The *Taylor* Court further explained, however, that such rule—the so-called well-pleaded complaint rule—is *not* absolute:

> One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character.

*Ibid.* After noting that it had "singled out claims pre-empted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for such special treatment[,]" *ibid.,* the Court found Congress to have intended similar treatment for suits within the scope of the civil enforcement provisions of ERISA's section 502(a), 29 U.S.C. § 1132(a). *Id.* at 1547–48. Arising "under the ... laws ... of the United States," 28 U.S.C. § 1331, the Court concluded that these suits were removable. *Id.* at 1548. Removal of a state law claim pursuant to *Taylor* is thus appropriate, notwithstanding the well-pleaded complaint rule, when (1) such claim is pre-empted by ERISA and

(2) falls within the scope of section 502(a).[1] In this Court's opinion, *Taylor* authorized removal of the instant matter.

### A. PRE–EMPTION

█ Whether plaintiff's subrogation claim is enforceable under state law (or, conversely, pre-empted by ERISA) depends on the interpretation and application of ERISA's section 514, codified at 29 U.S.C. § 1144, and, in particular, three clauses: the "relate to" clause of subsection (a), the "savings" clause of subsection (b)(2)(A), and the "deemer" clause of subsection (b)(2)(B). In this vein, the Court is not without guidance. *See Northern Group Services, Inc. v. Auto Owners Ins. Co.*, 833 F.2d 85 (6th Cir.1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988); *Liberty Mut. Ins. Group v. Iron Workers Health of E. Michigan*, 879 F.2d 1384 (6th Cir.1989). And it is *Liberty Mutual, supra*, which this Court considers dispositive.

For purposes of resolving the pending motion to remand, the significance of the Sixth Circuit's opinion in *Liberty Mutual* is two-fold. *First*, such opinion cogently summarizes the court's earlier decision in *Northern Group, supra*, upon which plaintiff relies:

> In *Northern Group Services*, the court addressed a challenge by several employee benefit plans seeking to have the § 3109(a) [the Michigan statute cited earlier] coordination of benefits provision declared preempted by ERISA.... After concluding that § 3109a, "clearly 'regulates insurance' within the meaning of the savings clause," 833 F.2d at 90, the court considered the question of whether the "deemer" clause required preemption of § 3109a as applied to

ERISA plans.... [T]he court held that "for the deemer clause in a given case, there must be some ERISA interests in uniformity to outweigh the ... interests in state regulation of insurance.

> \*     \*     \*     \*     \*     \*

> With respect to § 3109a, ... [t]he court therefore concluded that the Michigan statute is not pre-empted by ERISA because it does not represent a state attempt to regulate the content of welfare benefits provided by employee benefit plans. *Id.* at 93–95.

879 F.2d at 1387. *Second,* the *Liberty Mutual* opinion distinguished *Northern Group:*

> It would appear at first blush that *Northern Group Services* requires us to hold in this case that § 3109a is not preempted by ERISA. However, such a ruling would ignore the very different effect of the application of § 3109a to the "other insurance" coverage provision contained in the benefit plan considered by the *Northern Group* panel and, under our assumption, its effect upon the exclusion of coverage language in the Fund plan before us. The *Northern Group Services* court was not interpreting a statute which requires ERISA plans to provide coverage for automobile accidents even where the plan's unambiguous language excludes such coverage. Section 3109a, as it had then been interpreted by *Federal Kemper*, did not regulate the content of welfare benefits provided by ERISA plans, but merely required plans which provide automobile accident coverage to assume primary liability when such coverage is also provided by a no-fault carrier. In this case,

---

**1.** The second condition set forth above follows from the *Taylor* Court's discussion of *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), an earlier decision:

> In *Franchise Tax Board,* the Court held that ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S., at 25–27, 103 S.Ct., at 2854–56. The court suggested, however, that a state action

that was not only pre-empted by ERISA, but also came "within the scope of § 502(a) of ERISA" might fall within the *Avco [Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) ] rule. *Id.,* at 24–25, 103 S.Ct., at 2854–55. The claim in this case, unlike the state tax collection suit in *Franchise Tax Board,* is within the scope of § 502(a) and we therefore must face the question specifically reserved by *Franchise Tax Board.* 107 S.Ct. at 1547.

however, the state regulation in question, as we have assumed the Michigan courts would interpret it, is plainly a mandated-benefit statute.... It would require the ERISA plan to provide a benefit which would not otherwise be provided to employees: coverage for injuries incurred as the result of an automobile accident. The law would therefore fall within the narrow reading given the "deemer" clause by the court in *Northern Group Services.*

In sum, even though § 3109a is the Michigan statute at issue in both *Northern Group Services* and in this case, the added gloss given the statute by our assumption that the Michigan courts would extend *Federal Kemper* to outright automobile accident exclusions requires us to reach a different answer to the question of whether ERISA preempts it.

*Id.* at 1387–1388. The distinction drawn in *Liberty Mutual* can be drawn in this case as well. Here, defendant invoked an exclusion in denying coverage to plaintiff's insured. *See* affidavit of Walter A. Stanley, Jr., attached to defendant's motion for summary judgment. That exclusion reads as follows:

### SPECIAL EXCEPTION FOR AUTO AND/OR VEHICULAR–RELATED ACCIDENTS

The Plan excludes coverage for any claim arising out of an auto or other vehicular accident. All participants are expected to cover themselves and their dependents first and completely for auto and vehicular accident-related claims under their personal vehicular insurance policies.

Plaintiff maintains that such provision is not a true or "pure" exclusion for purposes of M.C.L.A. 500.3109a. In its view, the phrasing of the ostensible exclusion conditions coverage on the existence of other insurance and is, thus, a *coordinated* benefits provision governed by *Northern Group*, not *Liberty Mutual.* The Court

disagrees. Though the provision *refers* to no-fault insurance, it does not *condition* the availability of coverage on the existence of other insurance. Nor does it provide that coverage may be available which will be "excess" to other insurance. It provides that coverage for claims arising from an automobile accident is *excluded.*

Even if coverage *is,* as plaintiff urges, conditioned on the existence of other insurance (and, accordingly such coverage is primary and plaintiff's, secondary under the rule announced in *Federal Kemper, supra* ), the Court believes plaintiff misreads *Liberty Mutual.* The holding therein, was based on the view that unless pre-empted, § 3109a would mandate benefits the plan didn't provide.

In this case, however, the State regulation in question, as we have assumed the Michigan courts would interpret it, is clearly a mandated-benefits statute ... It would require the ERISA plan to provide a benefit which would not otherwise be provided to employees ...

*Liberty Mutual, supra* at 1388.

In this vein, the court commented: "With respect to § 3109a, neither the principal purpose nor the main effect of the Michigan coordinated of benefits law is to restrict the range of options left open to ERISA plans...." 879 F.2d at 1387 (internal quotes omitted). Here, plaintiff seeks to impose liability where coverage, in plain terms, is not afforded. This is different than shifting *primary* coverage to a plan which provided *secondary* coverage, the situation in *Northern Group.*

In short, plaintiff, on the strength of state law seeks to "restrict" defendant's "options", indeed, to regulate the content of defendant's plan. This, consistent with federal law, plaintiff cannot do.

Based on *Liberty Mutual,* the holding in which was confirmed in a recent unpublished Sixth Circuit decision, *see Transamerica Ins. Co. of N. America v. Detroit Carpenters Health and Welfare Fund,* 904 F.2d 708 (1990),[2] this Court is of the

---

**2.** The decision in *Transamerica Ins., supra,* is notable because the panel reversed itself. The opinion reads at footnote 1:

**956**

view that plaintiff's state law claim is preempted.

### B. SCOPE OF § 502(a)

■ This Court also holds that plaintiff's claim falls within the scope of § 502(a) and, thus, satisfies the second and last condition to removal under *Taylor, supra.* As a subrogee of an ERISA participant, i.e., plaintiff's insured, the insurer in this Court's opinion has standing to sue under section 502(a). *See Misic v. Building Service Employees's Health,* 789 F.2d 1374, 1374, 1378–1379 (9th Cir.1986); *Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1289–1290 (5th Cir.1988). Indeed, both *Liberty Mutual, supra,* and *Transamerica Ins., supra,* involved subrogation claims of no-fault insurers. Accordingly, these Sixth Circuit decisions, though not citing section 502(a), support impliedly at least, this Court's conclusion that plaintiff's claim falls within the scope at such section. Removal was proper.

### II.

■ The foregoing discussion resolves, too, the cross-motions for summary judgment. Plaintiff's claim for reimbursement based on *pre-empted* state law must be rejected. The plain language of defendant's exclusion will be given effect. See *Liberty Mutual, supra,* and *Transamerica Ins., supra,* where similar subrogation claims were resolved by way of summary judgment in favor of the defendant plans.

An order shall enter forthwith.

1   We filed an opinion in this case on August 14, 1989 reversing the judgment of the district court on jurisdictional grounds. Appellant then filed a motion for rehearing *en banc* which is now pending.

Upon reconsideration, we have determined that we erred in our previous resolution of this case and now conclude, for the reasons stated hereafter, that the district court had jurisdiction to entertain the case and that its judgment for the defendant should be affirmed. Consequently, we shall direct that our opinion previously filed be withdrawn, the judgment entered thereon be vacated, and a judgment be entered affirming the judgment of the district court.

The decision is also notable because no diversity of citizenship existed. Thus, plaintiff's effort to distinguish *Liberty Mutual,* a diversity case, from the instant case, a federal question case, is undermined.