Lawrence JAMES, etc.

v.

**LOUISIANA LABORERS HEALTH AND WELFARE FUND.**

**Civ. A. No. 91–672.**

United States District Court, E.D. Louisiana.

July 1, 1991.

---

Robert Souren Abdalian, New Orleans, La., for plaintiff.

Marie Healey, Jeanne Theresa Cresson, Sarah Hall Voigt, Sean Renee Dawson, Maria C. Cangemi, Marie Healey & Associates, APLC, New Orleans, La., for defendant.

A. Bowdre Banks, Jr., Banks & Fritch, New Orleans, La., Malcolm B. Robinson, Jr., Metairie, La., for movants.

## ORDER AND REASONS

FELDMAN, District Judge.

This motion to dismiss for lack of subject matter jurisdiction focuses on an issue never before decided by our Circuit. The motion is DENIED.

### I.

### A.

The plaintiff in this case, Lawrence James, was appointed in state court to be the administrator of Ollie James's estate.[1] Both parties agree that Ollie James was a participant in the Louisiana Laborers Health and Welfare Fund. While he was a participant in the plan, Ollie James apparently incurred over $300,000 in medical expenses during an illness. On June 8, 1989, he asked the Fund for reimbursement. Later, Ollie James died in an event unrelated to the illness, and thereafter the Fund refused payment.[2] The Fund's Plan Document gave no instructions on how to disburse medical payments after the death of the decedent.[3]

James, as estate administrator, filed suit in federal court to recover the unpaid medical benefits due to Ollie James. The Fund has moved to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R. Civ.P. 12(b)(1), alleging that James, as estate administrator, does not have standing to sue under ERISA.

Does the succession representative of a decedent, a former plan participant, have standing to sue under ERISA for the dece-

---

1. For purposes of this motion, the Court assumes that the facts alleged in the complaint are true.

2. The parties did not submit a copy of the Fund's plan that would detail who is to be considered a beneficiary when a participant dies. Since there is no evidence in the record regarding the plan, this Court will assume that the plan is silent concerning beneficiaries.

3. This case, therefore, does not address the situation in which the plan does provide a mechanism for distributing medical benefits after the death of a participant. Similarly, the complex rules governing survivor benefits in pension plans are not at work here.

dent's unpaid medical benefits? The question is new. The answer is yes.

### B.

The Fifth Circuit recognizes the concept of derivative standing in the ERISA context. In *Hermann Hosp. v. MEBA Medical & Benefits Plan*, 845 F.2d 1286 (5 Cir.1988), the court agreed that two models of standing are cognizable under § 1132(a): independent or derivative standing. For one to have independent standing, the plaintiff must be a "participant" or "beneficiary" under § 1132(a). But one who lacks the narrow status of participant or beneficiary may nevertheless sue derivatively on behalf of a participant or beneficiary. In *Hermann*, the Fifth Circuit held that participants and beneficiaries could assign their health care benefits and confer derivative standing on the assignee. This doctrine, then, allows the assignee, although not directly a participant or beneficiary, to assert rights under § 1132(a) to enforce the rights of the assignor.[4]

In concluding as it did, the court was impressed that ERISA does not prohibit the assignment of health benefits (unlike pension benefits). *Hermann, supra* at 1289. The *Hermann* court also noted that the purpose served by not allowing assignments of pension benefits—to insure that employees actually receive their pension payments for their retirement—is not applicable to health benefits. In fact, the court pointedly observed that the assignment of health care benefits "facilitates rather than hampers the employee's receipt of health benefits." *Hermann, supra* at 1289.[5] Since ERISA does not expressly or impliedly obstruct the assignment of health benefits, the Fifth Circuit has concluded that an assignee has the derivative standing to sue. In doing so, our Circuit has explicitly adopted the doctrine of derivative standing in ERISA. *Hermann* informs the resolution of this motion.

### II.

■ To have independent standing to sue, a plaintiff must fall within one of two enumerated classes. 29 U.S.C. § 1132(a) instructs that a civil action may be asserted only by a participant or a beneficiary. As defined by 29 U.S.C. § 1002(7), a participant is "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan...." A beneficiary, of course, is not necessarily an employee. A beneficiary is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

The Fifth Circuit strictly construes the two narrow classes of claimants specified in § 1132(a).[6] In fact, in *Hermann* the Circuit rejected the non-enumerated party theory that prevails in the Ninth Circuit. In the Ninth Circuit, a non-enumerated party has standing to sue under § 1132(a), under certain circumstances, for withheld benefits.[7] The Fifth Circuit expressly re-

---

**4.** In *Hermann,* the case was remanded to determine whether a valid assignment had been consummated because the district court did not consider that issue.

**5.** The Fifth Circuit also relied heavily on *Misic v. Building Serv. Employee's Health,* 789 F.2d 1374 (9 Cir.1986), an earlier Ninth Circuit case that allowed a plaintiff to sue derivatively under § 1132(a). In *Misic,* the Ninth Circuit relied on the longstanding notion that assignees "stood in the shoes" of their assignors, and therefore, were entitled to sue under ERISA. *Misic, supra* at 1378. Succession representatives enjoy no less status, in this context.

**6.** *See, e.g., Yancy v. American Petrofina, Inc.,* 768 F.2d 707, 708 (5 Cir.1985) (plaintiff did not fall under the definition of participant); *Joseph v. New Orleans Elec. Pension,* 754 F.2d 628 (5 Cir.1985) (plaintiffs who accepted lump-sum settlements for retiring are not to be considered participants); *Jackson v. Sears Roebuck & Co.,* 648 F.2d 225 (5 Cir.1985); *Nugent v. Jesuit High School of New Orleans,* 625 F.2d 1285 (5 Cir. 1980) (plaintiff benefits not vested, therefore, cannot be a participant).

**7.** The plaintiff must "(1) suffer an injury in fact, (2) fall arguably within the zone of interests protected by the statute allegedly violated and (3) show that the statute itself does not preclude suit." *Hermann, supra* at 1288 n. 5 (citing *Fentron Indus. v. National Shopmen Pension Fund,* 674 F.2d 1300, 1304 (9 Cir.1982)). Notwithstanding the text of § 1132(a), the plaintiff need not be a participant or beneficiary.

jected the non-enumerated party approach in *Hermann*.[8]

■ Since the Fifth Circuit does not recognize non-enumerated parties as having standing to sue under § 1132(a), the plaintiff here must satisfy one of the two enumerated classes to have independent standing to sue for benefits under ERISA. Clearly, the plaintiff, as estate administrator, was not a participant because he was not an employee or former employee of the Fund; the decedent was the participant. Similarly, the plaintiff cannot be treated like a beneficiary under § 1132(a). According to § 1002(8), a beneficiary must be designated by the participant *or* by the plan itself.[9] The record is silent on this issue. Plaintiff has similarly failed to claim that the plan designated him as a beneficiary.[10] The Court must conclude that plaintiff does not have independent status to sue under ERISA.[11]

### III.

■ Plaintiff stresses that he has derivative standing to sue, not based on an assignment as in *Hermann*, but because he stands in the shoes of the participant as his succession representative. The doctrine of *Hermann* provides the foundation for plaintiff's position.

This Court finds that the plaintiff does have derivative standing, as succession representative, to sue under § 3312(a) on behalf of the decedent. Four reasons weigh in favor of holding that a succession representative has derivative standing to assert the participant's claim for health benefits when the plan does not provide for distribution of the benefits following the death of the insured participant.

■ First, like a valid assignment, an administrator of a succession steps into the shoes of the decedent.[12] Under La.Code Civ.P. art. 685, the estate administrator "is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration." In addition, art. 3211 provides that the succession representative shall "have possession of all property of the succession and shall enforce all obligations in its favor." [13] Doctrinal considerations in the assignment setting are similar. In *Misic* and *Hermann*, the courts, in allowing an assignee to sue derivatively, relied heavily on the idea that an assignee stands in the shoes of the assignor. The assignment creates representative status by contract; the representative status of the estate administrator is created by law.

Second, many courts, this Circuit included, have assumed in past cases that a personal representative of a participant or beneficiary could sue to recover benefits. Although none of these cases directly confronted the jurisdictional issue that is

8. In refusing to permit non-enumerated party standing, the Circuit relied on the principle that subject matter jurisdiction may only be granted by Congress, and that subject matter jurisdiction should not be conferred " 'absent clear legislative mandate.' " *Hermann, supra* at 1288 (quoting *Pressroom Unions Printers League Income Security Fund v. Continental Ins. Co.,* 700 F.2d 889, 892 (2 Cir.1983), *cert. denied,* 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983)).

9. It is clear that the plaintiff cannot rely on Louisiana succession law to argue that he is a beneficiary of the Fund. ERISA's broad preemptive powers, *see Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987), prevent plaintiff from doing so.

10. Apparently, the Plan Document does not provide for the distribution of the health benefits after the death of the insured participant.

11. The only evidence presented regarding the Plan Document's designation of a beneficiary was in the defendant's motion to dismiss, in which beneficiary was defined as "any person designated by a participant or by the terms of the Plan herein created who is now or may hereafter become entitled to a benefit."

12. The plaintiff alleged in the complaint that he was appointed administrator of the succession by a state court. His status is not disputed.

13. In this instance, it is appropriate for the Court to look to State law to inform its opinion. *See Pitts by and through Pitts v. American Sec. Life,* 931 F.2d 351, 355 (5 Cir.1991). This reliance on State law is not contrary to ERISA's preemptive effect because ERISA does not define the authority of succession representatives.

presented here, none were challenged on appeal for jurisdictional problems. In *Pitts,* the Fifth Circuit allowed a father to sue on behalf of his disabled son.[14] The Circuit made no mention of the father's standing under ERISA, apparently assuming that jurisdiction was proper. Similarly, in *McKinnon v. Blue Cross–Blue Shield of Ala.,* 691 F.Supp. 1314, 1315 (N.D.Ala. 1988), a daughter, as the personal representative of her deceased father, made ERISA claims to recover medical benefits allegedly due to the decedent. Although the court inquired into the timeliness of the removal of the case, the court did not question the daughter's ability to represent her father. In *Duchow v. New York State Teamsters Conference,* 691 F.2d 74 (2 Cir. 1982), the Second Circuit permitted the surviving wife to sue for her husband's pension benefits.[15] Finally, in *Allstate v. Operating Eng. L. 324 Health Care Plan,* 742 F.Supp. 952 (E.D.Mich.1990), the court permitted the plaintiff to sue under § 1132(a) because the insurance company had been subrogated to the rights of its insured, a participant in the plan. *Allstate, supra* at 956. Thus, many courts have permitted personal representatives of deceased or disabled participants or beneficiaries to make ERISA claims under § 1132(a) for withheld benefits.

The third reason for holding the plaintiff has derivative standing to sue is to promote ERISA's clear policy. Section 1001(b) states:

> It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries....

Allowing plaintiff to sue derivatively on behalf of the deceased, furthers the goal of protecting participants and beneficiaries, particularly where, as here, a participant dies and the plan does not provide for payment of health benefits. To do otherwise would result in a patent injustice: upon death, all health benefits due to the decedent might not be paid, and the family could be unduly burdened by these financial obligations. Allowing a succession representative to sue for the deceased, to assert his rights to pre-death accrued health benefits, promotes ERISA's goal.

Finally, if the administrator of the decedent's estate does not have standing to sue under § 1132(a), those who provided health care services could be left without recourse to payment. The doctors, who are owed the money for their services, would not be able to sue under § 1132(a) without an assignment of benefits. *See Hermann, supra.* Since the Plan Document does not provide a mechanism for distributing the payments after the death of the insured participant, there is no third party who is entitled to sue as a beneficiary.

Accordingly, the Court holds the plaintiff, as succession representative, has derivative standing under § 1132(a) to sue for the decedent's health benefits and, therefore, the Court has subject matter jurisdiction over the case. The defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

---

**14.** In *Pitts,* the father requested injunctive relief, wanting to prevent an insurance company from terminating an insurance policy.

**15.** In that case, however, the plaintiff was also personally entitled to survivor benefits under ERISA; therefore, she had both derivative and independent standing to sue under ERISA.