**REINFORCING IRON WORKERS LO-CAL 426 HEALTH AND WELFARE FUND, Plaintiff,**

**and**

**Providence Hospital, Intervening Plaintiff,**

**v.**

**MICHIGAN BELL TELEPHONE COM-PANY and Illinois Blue Cross and Blue Shield, Defendants.**

Civ. No. 90–CV–70590–DT.

United States District Court, E.D. Michigan, S.D.

Oct. 5, 1990.

Patricia Nemeth, Richard J. Fritz, Detroit, Mich., Warren M. Heiter, Birmingham, Mich., for plaintiff.

D. Michael McCann, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

This matter is before the court on Plaintiff's motion to remand or judgment of declaratory relief. For the reasons outlined below, the Court denies the motion to remand and grants a declaratory judgment for Plaintiff, finding that Defendants are liable for the medical expenses at issue.

The Court is asked to decide which of two funds are liable for the medical expenses of Tricia Allen, the infant daughter of Ronald and Barbara Allen. Tricia was born twelve weeks premature and spent eighty one days in neonatal care at Providence Hospital. Her medical expenses total approximately $133,000.00.

Ronald Allen is an iron worker entitled to medical benefits pursuant to the provisions of a Health and Welfare Plan for Reinforcing Iron Workers Local 426 Health and Welfare Fund. His wife Barbara Allen is an employee of Michigan Bell Telephone Company and is entitled to medical benefits pursuant to Michigan Bell's Plan Plus, which is administered by Illinois Blue Cross Blue Shield.

Each of these plans contains a coordination of benefits clause. Plaintiff Iron Workers' plan incorporates the "birthday rule" set forth at M.C.L.A. § 550.253(1)(c). Under that rule, where two group health plans cover a person as a dependent and both contain coordination of benefits provisions, the plan covering the person whose birthday occurs earlier in the calendar year is primarily responsible for the medical expenses of the dependent. Under this rule, the defendant Michigan Bell plan would be liable for Tricia Allen's medical expenses.

Defendants' plan, however, includes a "gender rule". Under this rule, when two health plans cover a person as a dependent and contain coordination of benefits clauses, the expenses of the dependent are the primary responsibility of the plan covering the male person. Under this rule, the plaintiff plan would be liable.

Plaintiff brought an action in Wayne County Circuit Court pursuant to the Michigan Coordination of Benefits Act (Michigan Act), M.C.L.A. § 550.251 *et seq.*, in February of 1990, seeking a determination of liability. Defendants removed to this Court, claiming that federal question jurisdiction lies here because the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* preempts Plaintiff's claim.

Plaintiff filed a motion for remand and for a declaratory judgment that defendant medical plan is liable for Tricia's expenses. Oral argument was heard on August 20, 1990 and the matter was taken under advisement. This memorandum constitutes the Court's findings of fact and conclusions of law.

REMAND

Defendants removed to this court, claiming that ERISA preempts Plaintiffs' claim, and this court thus has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs argue that this Court lacks jurisdiction because ERISA does not preempt the Michigan Act. The Court finds that ERISA does preempt and subject matter jurisdiction is properly vested here.

29 U.S.C. § 1132(a)(3) provides:

A civil action may be brought ... by a participant, beneficiary, or fiduciary ... to obtain ... appropriate equitable relief ... to enforce any provisions of this subchapter or the terms of the plan.

A benefit plan was found to be a fiduciary for ERISA purposes in a declaratory judgment action under § 1132(a)(3)(B) in *Saramar Aluminum Co. v. Pension Plan*, 782 F.2d 577 (6th Cir.1986).

Furthermore, while ERISA's "savings clause" provides that state laws which regulate insurance are not preempted, the exception to the savings clause, the "deemer clause" states that:

Neither an employee benefit plan ... nor any trust established under such a plan shall be deemed an insurance company or ... insurer ... or to be engaged in the business of insurance ... for purposes of

any law of any state purporting to regulate insurance companies ....

■ The deemer clause is quite clear: employee benefit plans are *not* insurance plans. And it is only insurance companies or entities engaged in the regular business of insurance which are subject to state regulation. Self-insured employee benefit plans, like those at issue here, are instead governed by ERISA. *Liberty Mutual Insurance Group v. Iron Workers Health Fund,* 879 F.2d 1384 (6th Cir.1989).

Defendant Michigan Bell's Medical Plan Plus is a self insured plan. Illinois Blue Cross Blue Shield acts only as administrator of the Plan. All benefits are paid for by Michigan Bell. Therefore, defendants' plan cannot be deemed an insurance company for purposes of the savings clause, either.

This finding is consistent with *Northern Group Services, Inc. v. Auto Owners Insurance Co.,* 833 F.2d 85, 95 (6th Cir.1987), the presumption there being that self-insured plans are preempted by ERISA: "[s]elf-insuring plans would be subject to state regulation *only* when *no* independent federal interest in national uniformity exists to inform and guide the creation of federal common law."

Here, strong federal interests in both national uniformity and non-discrimination in the administration of ERISA plans exist. When two ERISA plans contain differing provisions governing which should pay a dependent's expenses, a clear, nationally uniform and gender-neutral rule should determine which plan is liable. A rule which states that choice of a primary plan shall be governed by a first-occuring birthday is clear, fair, gender-neutral, and avoids inconsistent administration of ERISA plans, thus fostering national uniformity.

More importantly, there is a substantial federal interest in the nondiscriminatory administration of ERISA employee benefit plans. Title VII, 42 U.S.C. § 2000e *et seq.* prohibits an employer from discriminating on the basis of sex with respect to compensation, terms, privileges or conditions of employment. 42 U.S.C. § 2000e–2(a)(1). An employee benefit plan provided by the employer is covered by such language, as it is compensation or a term or privilege of the employment. Accordingly, the Court finds in Title VII a strong federal interest in the nondiscriminatory administration of ERISA employee benefit plans.

Michigan's Elliott–Larsen Civil Rights Act mirrors Title VII in prohibiting gender discrimination in the terms, conditions, and privileges of employment. M.C.L.A. § 37.2202 provides:

(1) An employer shall not:

(c) Segregate, classify, or otherwise discriminate against a person on the basis of sex with respect to a term, condition, or privilege of employment, including a benefit plan or system.

The strong federal interests in uniformity and nondiscrimination in the administration of ERISA employee benefit plans "exist to inform and guide the creation of federal common law" and these ERISA plans are thus not subject to state regulation. ERISA preempts and this Court has subject matter jurisdiction.

DECLARATORY JUDGMENT

While ERISA provides the jurisdictional basis for this suit, it offers no substantive resolution to this case. Questions regarding interpretation of a plan are resolved by looking to the language of the plan. *Ogden v. Michigan Bell Telephone Co.,* 595 F.Supp. 961 (E.D.Mich.1984). There are, however, no ERISA provisions to govern the instant case, in which ERISA benefit plans contain conflicting coordination of benefits provisions.

■ However, where there is a gap in federal law, federal courts may borrow from state law to fill such gaps. *Board of County Commissioners v. United States,* 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939); *Textile Workers Union of America v. Lincoln Mills of Alabama,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Where a federal statute is silent on a particular issue, "... the federal court must choose whether to incorporate state law to resolve that issue, or to fashion an independent federal doctrine for it." Wright, *The Law of Federal Courts,* 4th Ed., § 60, p. 394.

■ Because the court finds the gender rule utilized by defendants is discriminato-

ry on the basis of employee sex and therefore a violation of both Title VII and the Elliott–Larsen Act, and further finds the birthday rule a reasonable and preferable alternative thereto, the court incorporates the birthday rule, in effect in the majority of states, to fill the gap left here by ERISA.

Plaintiff claims that the gender rule violates the Equal Protection Clause of the Fourteenth Amendment, as well as Title VII and Michigan's Elliott–Larsen Civil Rights Act. The court must reject the Equal Protection claim, however, since these employers are private entities. The Constitution is a limitation upon the power of government and does not create any right of action against private parties. *Ve-Ri-Tas, Inc. v. Advertising Review Council*, 411 F.Supp. 1012 (D.C.Colo.), *aff'd*, 567 F.2d 963 (10th Cir.1977), *cert. denied*, 436 U.S. 906, 98 S.Ct. 2238, 56 L.Ed.2d 404 (1978).

Defendants counter that the gender rule violates neither Title VII nor Elliott–Larsen because no benefits are being denied and challenges to sex-based classifications can only succeed where a benefit is being denied the challenger.

The court rejects defendants' contentions because the type of harm necessary to sustain a challenge to the gender-based classification of defendants' plan is evident here. If a female Michigan Bell employee has more extensive coverage under Bell's Plan Plus than her husband has under his employee benefit plan, she is nevertheless prevented from selecting the broader coverage of Bell's plan for her dependents because that plan mandates that her husband's plan is primarily liable for the dependents' expenses. She is thus deprived of a significant benefit because of her sex. The male Bell employee, however, is able to invoke the Bell plan's coverage if it provides better benefits to his dependents than his spouse's plan, solely because of his sex. Wherever the Bell Plan Plus provides better or more extensive coverage, male Bell employees will obtain better benefits than female Bell employees, simply because they are male. The Bell Plan Plus thus discriminates against female employees of Michigan Bell on the basis of their sex. A benefit which is part of the employment relationship may not be allocated in a discriminatory fashion. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

The Court recognizes that under the birthday rule, where the male's birthday occurs later in the year, he cannot choose for his plan to pay the dependent expenses even if it provides more extensive coverage than his spouse's plan. However, the birthday rule is a *neutral* rule which is not based on an impermissible classification such as gender. It falls equally upon all Bell employees, regardless of their sex. *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); *Arizona Governing Committee v. Norris*, 463 U.S. 1073, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983).

The Court finds that the gender rule results in discrimination on the basis of sex in violation of both Title VII and the Elliott–Larsen Act. The birthday rule is neutral, non-discriminatory and provides national uniformity for ERISA benefit plans in situations such as this. Defendants plan is thus liable for Tricia Allen's medical expenses.

Let judgment be entered accordingly.