**BOON–CHAPMAN, INC., and Montgomery County Medical Benefits Plan, Appellants,**

v.

**TOMBALL HOSPITAL AUTHORITY and Tomball Regional Hospital Employee Benefit Plan, Appellees.**

No. 09–95–254 CV.

Court of Appeals of Texas, Beaumont.

March 20, 1997.

Frank H. Bass, Jr., County Attorney, M. Kaye Applewhite, Assistant County Attorney, Conroe, for appellants.

Gregory S. Meece, Debora Beck McWilliams, Thompson & Knight, Houston, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

This appeal concerns the coordination of benefits provisions of two health care plans. Clara Voyles–Sclider, an employee of Tomball Hospital Authority, receives medical benefits through the Tomball Regional Employee Benefit Plan. Her husband, Joe Sclider, a Montgomery County employee, receives health care benefits through the Montgomery County Medical Benefits Plan, which is administered by Boon–Chapman, Inc. The Sclider's son Finnis, who was born in 1993, experiences health problems significant enough to motivate both plans to seek to limit their exposure for the cost of his medical care.

Tomball Hospital Authority and Tomball Regional Employee Benefit Plan ("THA"), and Montgomery County Medical Benefits Plan and Boon–Chapman, Inc., ("Boon–Chapman"), each sued under the Declaratory Judgment Act[1] for a declaration that their plan should provide secondary health care coverage for Finnis and that the competing plan should be declared Finnis's primary provider. THA sought as alternate relief a declaration that the plans were co-primary with pro rata allocation of responsibility. Both parties filed summary judgment mo-

tions. The trial court ruled the plans were co-primary. Both parties appeal.

The plans contain different coordination of benefit clauses which limit the benefits paid if other insurance covers the employee's dependent. The Montgomery County plan follows the "birthday rule", that is, the primary plan is that which covers the parent whose birthday falls earlier in the year, in this case, Clara. The THA plan provides the father's plan will be primary, in this case, the Montgomery County plan.

THA contends this case must be resolved by application of the Texas Administrative Code, which provides the THA plan's gender-based clause controls over the Montgomery County plan's birthday-based clause. 28 TEX.ADMIN.CODE § 3.3508(b)(2) (West 1996) provides:

> If the plan does not have the rule based upon the parent's birthday, but instead has a rule based upon the gender of the parent; and if, as a result, the plans do not agree on the order of benefits, the rule based upon gender of the parent will determine the order of benefits.

Boon–Chapman argues the Administrative Code does not apply to either plan because both plans were organized pursuant to Chapter 172 of the Texas Local Government Code. TEX.LOC.GOV'T CODE ANN. §§ 172.001–172.015 (Vernon Supp.1997). Section 172.014 provides: "A risk pool created under this chapter is not insurance or an insurer under the Insurance Code and other laws of this state, and the State Board of Insurance does not have jurisdiction over a pool created under this chapter." TEX.LOC.GOV'T CODE ANN. § 172.014 (Vernon Supp.1997). Both plans were included in the summary judgment evidence and are clearly health care coverage plans established by political subdivisions. It does not follow that no aspect of the extensive state statutory and regulatory scheme which regulates the insurance industry applies to governmental medical benefit plans. For instance, the Insurance Code expressly prohibits local governments from excluding or limiting certain coverage from their self-insured health care coverage. TEX.INS.CODE

---

1. TEX.CIV.PRAC. & REM.CODE ANN. §§ 37.001–37.011

(Vernon 1986 & Supp.1997).

ANN. art. 3.51–5A (Vernon Supp.1997). The Administrative Code coordination of benefits subchapter defines "Insurer" as an entity authorized *by the Insurance Code* to provide group coverage, while Montgomery County is authorized by the Local Government Code to provide group type coverage, and that chapter of the Local Government Code excludes the county from the definition of "insurer" under the Insurance Code. TEX.LOC.GOV'T CODE ANN. § 172.014 (Vernon Supp.1997); 28 TEX.ADMIN.CODE § 3.3503 (West 1996). An insurer authorized by the Insurance Code to provide group coverage must determine its status as primary or secondary provider using the rules set out in Section 3.3508. A local government insurer need not do so. We find Section 3.3508 does not control in this case.[2]

■ Boon–Chapman relies upon *Reinforcing Iron Workers v. Mich. Bell Telephone,* 746 F.Supp. 668 (E.D.Mich.1990), as persuasive authority that it would be appropriate to ignore the gender-based coordination of benefits clause of the THA plan and apply the birthday-based rule of the Montgomery County plan. We are mindful, however, that it is not the function of the judiciary in declaratory judgment actions to rewrite contracts to conform to modern notions of equality. If the clause is to be ignored, there must be a basis in law to do so.

■ Boon–Chapman argues THA's gender-based coordination of benefits clause violates federal civil rights law and the Texas Equal Rights Amendment. 42 U.S.C. §§ 2000e2000e–17 (1994)("Title VII"); Tex. CONST. art. I, § 3a. THA contends the County Plan and Boon–Chapman lack standing to present a constitutional challenge, citing *Board of Sup'rs of Warren County v. Virginia DSS,* 731 F.Supp. 735, 740 (W.D.Va. 1990), and *Hill v. Texas Water Quality Bd.,* 568 S.W.2d 738, 739 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.), for the proposition that the State does not have standing to raise claims of constitutional violations of equal protection. We agree the County lacks standing to challenge the Hospital Authority's plan. Equal protection claims are

brought *by* private persons *against* political subdivisions. A political subdivision lacks standing to bring a constitutional challenge based upon a right afforded to individuals rather than to state entities. *Nueces County Appraisal Dist. v. Corpus Christi People's Baptist Church, Inc.,* 860 S.W.2d 627 (Tex. App.—Corpus Christi 1993), *reversed on other grounds,* 904 S.W.2d 621 (Tex.1995). The County Plan has a justiciable controversy, in the sense that the operation of the Hospital Authority's plan will have a monetary effect upon the County Plan, but the County Plan does not have a right of equal protection to violate; only Joe Sclider's equal protection rights are implicated in this situation. Boon–Chapman and the County Plan present no argument, either here or before the trial court, in support of a claim of associational standing to protect Joe Sclider's rights. *Compare Tex. Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440 (Tex.1993). Absent application of the Administrative Code section which provides the gender-based clause is superior to the birthday-based clause, neither clause is superior to the other and the plans' clauses are mutually repugnant. Each plan purports to provide primary coverage, but if both clauses were applied, neither plan would provide primary coverage. Such a result would be untenable, as the purpose of a coordination of benefits clause is to allocate responsibility to prevent over-payment, not to nullify coverage for which consideration has been paid.

■ THA cites *Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exch.,* 444 S.W.2d 583 (Tex.1969), as authority in support of the trial court's ruling that both coordination of benefit clauses should be ignored and the benefits ratably applied. Boon–Chapman again relies upon Local Government Code Section 172.014 as a bar to the application of insurance law to its governmental medical benefits plan. Boon–Chapman reads more into the statute than can be logically extrapolated. Section 172.014 excludes governmental plans from the jurisdiction of the Texas Department of Insurance. Such plans are, however, in the nature of

---

**2.** Naturally, we express no opinion on whether any other provision of the Insurance Code or

Chapter 28 of the Administrative Code would apply to a governmental plan.

contracts and controversies over them are subject to judicial review. The County's plan is not exempt from judicial interpretation of coordination of benefits clauses found in insurance policies. In *Hardware Dealers,* the Supreme Court examined two liability policies, each of which furnished primary coverage for the occurrence at issue but which also contained escape clauses which excluded coverage provided by another policy. The Supreme Court found the clauses to be mutually repugnant and resolved the conflict by ignoring the two offending provisions and prorating liability equally. 444 S.W.2d at 589–590. Applied to the case before us, the rule fashioned by the Supreme Court would result in both plans being primary but responsible for only one-half of that primary coverage. This is precisely what the trial court declared in its judgment. Neither plan is responsible for more than it provided in its plan, because both plans afforded complete primary coverage in the first place. *Compare Utica Nat'l Ins. Co. Of Texas v. Fidelity Cas. Co. Of New York,* 812 S.W.2d 656 (Tex.App.—Dallas 1991, writ denied) (two excess policies); *Carrabba v. Employers Cas. Co.,* 742 S.W.2d 709 (Tex.App.—Houston [14th Dist.] 1987, no writ) (primary policy and umbrella policy). Finding no error in the judgment, we overrule all points of error and cross-points of error. The judgment is affirmed.

AFFIRMED.