**Stephen SIMON, individually and as ultimate assignee of Humanistic Mental Health Foundation, Plaintiff–Appellant,**

v.

**BELWITH INTERNATIONAL, INC., Employee Benefit Plan; Babcock Industries, Inc., Group Health Plan; Elaine Drury, individually and as Plan Administrator; Janet Holton, individually and as Plan Administrator; FKI Industries, Inc.; Gary Warren, individually and as Plan Administrator; Babcock Industries, Inc., Defendants–Appellees.**

No. 00–1680.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

Stephen Simon, proceeding pro se, appeals a district court judgment dismissing his complaint filed pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Simon filed suit as an individual and as assignee of Humanistic Mental Health Foundation ("Humanistic"), seeking to recover money from the Belwith employee benefit plan ("plan") for medical services provided by Humanistic in 1991 to a plan participant known as "S.M." S.M. had executed an assignment of benefits to Humanistic, which in turned assigned its claim against the plan to Simon. The district court found that Simon lacked standing to bring an ERISA action and dismissed the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

In his timely appeal, Simon reasserts his claim. He also argues that the district court erred by dismissing his state and common law claims and that the district court should have permitted him to amend the complaint.

Upon de novo review, we conclude that the district court's judgment must be affirmed for the reasons stated in the district court's opinion. See Fed. R.Civ.P. 12(b)(6); Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir. 1995). The district court properly dismissed the action because Simon lacked standing to bring the action. Only "participants" and "beneficiaries" of ERISA employee benefit plans have standing to maintain a civil action to pursue claims under ERISA, and Simon does not qualify as either. See Teagardener v. Republic–Franklin Inc. Pension Plan, 909 F.2d 947, 951 (6th Cir.1990). We decline to recognize an exception to this requirement for an assignee of a healthcare provider, for a healthcare provider who did not render the actual services at issue in the case, or on

any other basis argued by Simon. *See Simon v. Value Behavioral Health, Inc.,* 208 F.3d 1073, 1081–82 (9th Cir.2000); *Hermann Hosp. v. MEBA Med. & Benefits Plan,* 845 F.2d 1286, 1289 (5th Cir. 1988).

■ Simon also lacked standing to pursue state law and common law claims because all claims presented in his complaint essentially arose from ERISA. In this situation, any state or common law claim is preempted by ERISA's statutory scheme even if the state law was not designed to affect employee benefit plans. *See* 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47–48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Daniel v. Eaton Corp.,* 839 F.2d 263, 266 (6th Cir.1988).

■ Finally, we reject Simon's argument that the district court erred by not permitting him to amend the complaint. A review of the record shows that the district court permitted Simon to file one amended complaint. Simon thereafter did not move again for leave to amend, nor attempt to file a second amended complaint. Consequently, the court had no duty to act sua sponte and grant Simon leave to file a second amended complaint.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.