

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 27, 2003

The Honorable William M. Jennings
Gregg County Criminal District Attorney
101 East Methvin Street, Suite 333
Longview, Texas 75601

Opinion No. GA-0047

Re: Whether a municipal risk pool established under chapter 172 of the Local Government Code is subject to certain Insurance Code provisions (RQ-0617-JC)

Dear Mr. Jennings:

On behalf of the City of Longview ("the City"), you ask whether the City's risk pool, through which the city provides "health and accident coverage" for City officers, employees, retirees, and their dependents, is subject to certain Insurance Code requirements.[1] *See* TEX. LOC. GOV'T CODE ANN. § 172.005(a) (Vernon Supp. 2003) (authorizing political subdivision to establish risk pool).

You aver that the City provides health benefits through a risk pool created under chapter 172 of the Local Government Code. *See* Request Letter, *supra* note 1, at 1. Under that chapter, a political subdivision, including a municipality, may establish a risk pool "to provide health and accident coverage for officials, employees, retirees, employees of affiliated service contractors, and their dependents." TEX. LOC. GOV'T CODE ANN. § 172.005(a) (Vernon Supp. 2003). A risk pool has express authority, under section 172.008, to "purchase excess loss coverage or reinsurance to insure a pool against financial losses" that might jeopardize the pool's solvency. *Id.* §§ 172.008(a), 172.011(a) (Vernon 1999) (stating that risk pool is to be declared insolvent if trustees determine that pool is unable to pay valid claims within sixty days after date claims are verified). Section 172.014 limits the application of other law to a risk pool: "A risk pool created under this chapter is not insurance or an insurer under the Insurance Code and other laws of this state, and the State Board of Insurance does not have jurisdiction over a pool created under this chapter." *Id.* § 172.014.

Although section 172.014 directs that a risk pool is not insurance or an insurer for Insurance Code purposes, that does not mean that "no aspect of the extensive state statutory and regulatory scheme" regulating the insurance industry applies to a municipality's risk pool. *Boon-Chapman, Inc. v. Tomball Hosp. Auth.*, 941 S.W.2d 383, 384 (Tex. App.–Beaumont 1997, no writ). Rather, a risk pool is subject to an Insurance Code provision that expressly encompasses a risk pool.

---

[1]*See* Letter from Honorable William M. Jennings, Gregg County Criminal District Attorney, to Susan Gusky, Chair, Opinion Committee, Office of the Attorney General, at 3 (Sept. 30, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

In light of section 172.014's language, you ask first whether the Insurance Code's mental health parity requirement applies to the City's risk pool. *See* TEX. INS. CODE ANN. art. 3.51-14 (Vernon Supp. 2003); Request Letter, *supra* note 1, at 1-2. "Mental health parity" requires insurers to treat mental health problems and physical health problems equally.[2] Article 3.51-5A of the Insurance Code prohibits a local government from excluding or limiting coverage for "serious mental illness":

> A municipality . . . that provides group health insurance coverage, health maintenance organization coverage, or self-insured health care coverage to its officers or employees or to both its officers and employees may not contract for or provide coverage that:
>
> . . . .
>
> (2) is less extensive for serious mental illness than the coverage provided for any other physical illness.

TEX. INS. CODE ANN. art. 3.51-5A(a) (Vernon Supp. 2003). The phrase "serious mental illness" is defined by incorporating the meaning assigned by article 3.51-14, section 1 of the Insurance Code, which includes illnesses such as schizophrenia, bipolar disorders, and major depressive disorders. *See id.* arts. 3.51-5A(b), 3.51-14, § 1(1) (defining phrase "serious mental illness").

Article 3.51-5A's mental health parity requirement expressly applies to the City's risk pool. The risk pool is a means by which the City provides self-insured health care coverage. *See* TEX. LOC. GOV'T CODE ANN. § 172.005(a) (Vernon Supp. 2003) (authorizing political subdivision to establish risk pool "to provide health and accident coverage" for officials, employees, retirees, and dependents); *Boon-Chapman, Inc.*, 941 S.W.2d at 384-85 (suggesting that article 3.51-5A applies to risk pool created under Local Government Code section 172.014). Thus, article 3.51-5A forbids the risk pool to provide less extensive coverage for serious mental illness than it provides for physical illness. *See* TEX. INS. CODE ANN. art. 3.51-5A(a)(2) (Vernon Supp. 2003); *Boon-Chapman, Inc.*, 941 S.W.2d at 384-85 (stating that Insurance Code expressly prohibits local governments from excluding or limiting certain coverage from self-insured health care coverage).

Except for article 3.51-14's definition of the term "serious mental illness," which article 3.51-5A expressly incorporates, article 3.51-14 does not apply to a municipal risk pool. You cite article 3.51-14 in connection with your mental health parity question, rather than article 3.51-5A. *See* Request Letter, *supra* note 1, at 1-2; *see also* Letter from Sara Waitt, Senior Associate Commissioner, Legal & Compliance, Texas Department of Insurance, to Susan Gusky, Chair, Opinion Committee, Office of the Attorney General (Nov. 25, 2002) (on file with Opinion Committee) [hereinafter Dep't of Ins. Letter]. Article 3.51-14 sets a mental health parity standard

---

[2]*See* ALAN L. OTTEN, MENTAL HEALTH PARITY: WHAT CAN IT ACCOMPLISH IN A MARKET DOMINATED BY MANAGED CARE? (June 1998) (available at http://www.milbank.org/mrparity.html) (defining mental health parity as "nondiscrimination in health benefits between mental and physical health problems").

for a group health benefit plan "that provides benefits for medical or surgical expenses incurred as a result of a health condition, accident, or sickness." TEX. INS. CODE ANN. art. 3.51-14, §§ 2(a), 3 (Vernon Supp. 2003). A "plan offered under or in accordance with [a]rticle 3.51-5A," which includes a municipal risk pool, is not a group health benefit plan. *Id.* § 2(b)(6).

You ask next whether, and to what extent, article 26.90(d) of the Insurance Code, which prohibits treating pregnancy as a preexisting condition, applies to the City. Request Letter, *supra* note 1, at 1-2; *see* TEX. INS. CODE ANN. art. 26.90 (Vernon Supp. 2003). Article 26.90(d) states that "[a] large employer carrier shall not treat a pregnancy as a preexisting condition described by [s]ubsection (b)" of the article. TEX. INS. CODE ANN. art. 26.90(d) (Vernon Supp. 2003); *see also id.* art. 26.90(b) (prohibiting large employer health benefit plan from applying preexisting condition provision to coverage of certain medical conditions). The term "large employer carrier" is defined to mean "any entity . . . that provides health insurance or health benefits in this state" "to the extent that carrier" offers, delivers, issues for delivery, or renews "health benefit plans subject to [s]ubchapter H of this chapter," of which article 26.90 is a part. *Id.* art. 26.02(12), (16).

The risk pool, which is not an insurance company, is not subject to article 26.90. *See* TEX. LOC. GOV'T CODE ANN. § 172.014 (Vernon 1999) (generally excepting municipal risk pool from Department of Insurance's jurisdiction). A municipal risk pool is not expressly included within the definition of a carrier that is subject to article 26.90. *See* TEX. INS. CODE ANN. art. 26.90(12), (16) (Vernon Supp. 2003). The Department of Insurance agrees that a chapter 172 risk pool is not subject to article 26.90(d). *See* Dep't of Ins. Letter, *supra*, at 2.

Assuming that the City "must comply with" the child immunization requirements in article 21.53F of the Insurance Code, you also ask whether the City may charge a risk pool participant a deductible for the required immunizations if the dependent child is immunized by an out-of-network provider. *See* Request Letter, *supra* note 1, at 1, 3; TEX. INS. CODE ANN. art. 21.53F (Vernon Supp. 2003). Under article 21.53F, section 3, "[a] health benefit plan that provides benefits for" an insured's family member must cover all of a covered child's required immunizations "from birth through the date the child is six years of age." TEX. INS. CODE ANN. art. 21.53F, § 3 (Vernon Supp. 2003); *see also id.* §§ 3 (listing required immunizations), 5 (describing class of covered children). Section 6(a) forbids a health benefit plan subject to article 21.53F to charge a deductible, copayment, or coinsurance in connection with the required immunizations:

> Benefits required under [s]ection 3 of this article may not be made subject to a deductible, copayment, or coinsurance requirement. This subsection does not prohibit the application of a deductible, copayment, or coinsurance requirement to another service provided at the same time as the immunization.

*Id.* § 6(a).

Your threshold assumption is correct: The City's risk pool is subject to article 21.53F. Section 2(c) expressly includes health and accident coverage provided by a risk pool created under chapter 172 of the Local Government Code within those plans that are subject to article 21.53F, "notwithstanding [s]ection 172.014, Local Government Code, or any other law." *Id.* § 2(c).

Even so, you argue that article 21.53F, section 6(a) does not prohibit a risk pool from charging a deductible if a covered child is immunized by a physician outside the risk pool's preferred-provider organization ("PPO"). *See* Request Letter, *supra* note 1, at 3. A PPO contracts with a select group of providers to supply health services.[3] A PPO subscriber may use a non-PPO provider, although the subscriber typically must pay a higher coinsurance payment and deductible for the privilege of doing so. *See* PLI Handbook, *supra* note 3, at 220.

The City may not charge a deductible for required child immunizations provided by an out-of-network physician. *See* Request Letter, *supra* note 1, at 2. Article 21.53F, section 6(a) plainly states that child immunization benefits "may not be made subject to a deductible." TEX. INS. CODE ANN. art. 21.53F, § 6(a) (Vernon Supp. 2003). A deductible paid to a non-PPO provider is still a deductible.[4] *See* 28 TEX. ADMIN. CODE §§ 11.506(2)(B) (Tex. Dep't of Ins., Mandatory Contractual Provisions) (permitting health maintenance organization to charge a "deductible" only "for services performed out of the [organization's] service area or for services performed by a physician or provider who is not in the [organization's] delivery network"), 26.14(i) (Tex. Dep't of Ins., Coverage) (distinguishing between "Non-Preferred Provider Policy Year Deductible" and "Preferred Provider Policy Year Deductible").

---

[3]*See* PRACTISING LAW INSTITUTE, LITIGATION AND ADMINISTRATIVE PRACTICE COURSE HANDBOOK SERIES, *Some Pitfalls in Litigating Benefits Claims Against Managed Care Entities* 219 (June 1999) (WL: 609 PLI/Lit 217) [hereinafter PLI Handbook].

[4]A general insurance resource defines the term "deductible" as "the amount of the policy coverage that the policyholder must . . . pay as a condition of receiving payment under the policy." JEFFREY W. STEMPEL, LAW OF INSURANCE CONTRACT DISPUTES § 2.06[a][2] (2d ed. 2003).

## S U M M A R Y

The mental health parity requirement in article 3.51-5A of the Insurance Code applies to a city's risk pool established under section 172.005(a) of the Local Government Code. A city is not bound, however, by the prohibition against treating pregnancy as a preexisting condition, found in article 26.90(d) of the Insurance Code. A city's risk pool may not charge a deductible for child immunizations required under article 21.53F, section 3 of the Insurance Code, even if the child receives the immunizations from an out-of-network provider.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee