NO. 07-05-0212-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 27, 2006

_____

PAUL NUNN, APPELLANT

V.

CITY OF VERNON EMPLOYEE BENEFIT TRUST, APPELLEE
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 23,565; HONORABLE TOM NEELY, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Paul Nunn, appeals a judgment denying his motion for summary judgment and granting the motion for summary judgment of appellee, City of Vernon Employee Benefit Trust (Trust). We reverse.

BACKGROUND

Nunn, an employee of the Fire Department of the City of Vernon, was injured while working at an off-duty job. The off-duty employer, Vernon Fire and Safety Equipment Co.,

did not carry workers' compensation insurance at the time Nunn sustained his injuries. As a result, Nunn sought coverage for his medical expenses under the health plan provided by the City of Vernon and administered by the Trust. After Nunn's claim for benefits was denied by the Trust, Nunn filed suit seeking a declaratory judgment that his claim was covered by the health plan.

Both parties moved for summary judgment. By his traditional motion for partial summary judgment, Nunn contended that he was entitled to a partial summary judgment because the terms of the health plan (Plan) did not exclude coverage for injuries sustained while working for an employer not covered by workers' compensation insurance. The Trust also moved for summary judgment contending that the Plan specifically excluded from coverage workers' compensation related claims. As a defense to Nunn's motion for partial summary judgment, the Trust contended that Nunn's suit was barred by sovereign immunity.

After hearing both motions for summary judgment, the trial court granted the Trust's motion, denied Nunn's motion, and, without identifying the grounds relied upon, rendered judgment that Nunn have and recover nothing against the Trust.

By two issues, Nunn appeals. Nunn contends (1) that the proper construction of the Plan's provision excluding "workers' compensation expenses" from coverage applies only to exclude those injuries which are actually covered by workers' compensation insurance, and (2) that the trial court could not have properly denied his motion for partial summary judgment based on his claim being barred by sovereign immunity.

2

STANDARD OF REVIEW

A party may prevail on a summary judgment motion by conclusively establishing the absence of any genuine issue of material fact and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review the granting of such a traditional or conclusively-established summary judgment using the standards set out in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

> (1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> (2) In determining whether there is a disputed issue of material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> (3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court reviews the summary judgment evidence of both parties, determines all questions presented, and renders the judgment that the trial court should have rendered. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999).

ISSUE 1: The "Workers' Compensation Expense" Exclusion

The Plan excludes coverage for workers' compensation expenses. Nunn contended, in his summary judgment motion, that this phrase excludes coverage for only those claims which are actually covered by workers' compensation insurance. The Trust

3

contended, in its motion for summary judgment, that the exclusion applies to any work-related injury. Neither party pled that the exclusion was ambiguous.

We note that the Plan is a risk pool authorized by statute. See TEX. LOC. GOV'T CODE ANN. § 172.005 (Vernon Supp. 2005). A risk pool is not insurance and is not subject to the Insurance Code. See TEX. LOC. GOV'T CODE ANN. § 172.014 (Vernon 1999). However, such governmental health benefits plans are in the nature of contracts and controversies regarding construction of these plans are subject to judicial review. See Boon-Chapman, Inc. v. Tomball Hosp. Auth., 941 S.W.2d 383, 385-86 (Tex.App.–Beaumont 1997, no writ).

In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the contract. Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995). If the contract is worded such that it can only be given one reasonable construction, it is not ambiguous and will be enforced as written. Id.; Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). However, a contract is ambiguous if the terms of a contract are susceptible to more than one reasonable interpretation. CBI Indus., 907 S.W.2d at 520. Whether a contract is ambiguous is a question of law. Id. A court may conclude that a contract is ambiguous, even in the absence of a pleading of an ambiguity. J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 231 (Tex. 2003). When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the proper construction of the contract presents a genuine issue of material fact. Coker, 650 S.W.2d at 394.

In the present case, the exclusion states that, "No benefits shall be payable for: Workers' Compensation Expenses." No further explanation or definition of this phrase is contained in the Plan. We acknowledge that the Plan does identify that its intent is to provide coverage for non-occupational injuries. However, the Plan provides that disputes regarding eligibility for benefits shall be resolved "under and pursuant to this Plan and the Trust Agreement. . . ." The Trust Agreement, which established the Trust and authorized the Plan, indicates that "[t]he employee benefits coverage contemplated by this Agreement shall not apply in any case which is <u>compensable</u> under Workers' Compensation Laws. . . ." (Emphasis added). A "compensable injury," under the Texas Workers' Compensation laws, is one that "arises out of and in the course and scope of employment for which compensation is payable under this subtitle." TEX. LAB. CODE ANN. § 401.011(10) (Vernon Supp. 2005). Thus, for a case to be compensable under the workers' compensation laws, the injury must relate to employment with an employer who is covered by workers' compensation insurance. See <u>Martinez v. IBP, Inc.</u>, 961 S.W.2d 678, 682 (Tex.App.–Amarillo 1998, pet. denied). Therefore, we conclude that Nunn's interpretation of the exclusion as applying only to those expenses which are actually covered by workers' compensation insurance is reasonable and is buttressed by the quoted language of the Trust Agreement.

An intent to exclude coverage must be expressed in clear and unambiguous language. <u>Nat'l Union Fire Ins. Co. of Pittsburgh v. Hudson Energy Co.</u>, 811 S.W.2d 552, 555 (Tex. 1991). Exclusions from coverage are to be strictly construed in favor of the insured. <u>Id</u>. We believe that the Plan's exclusion of "Workers' Compensation Expenses"

5

is subject to more than one reasonable interpretation and is, therefore, ambiguous. Thus, we conclude that summary judgment in favor of either party was precluded by the existence of a genuine issue of material fact as to the proper scope of the exclusion.

ISSUE 2: Sovereign Immunity

Nunn correctly indicates that the Trust did not present the issue of sovereign immunity as a ground for summary judgment, rather, the Trust presented the issue as an affirmative defense to Nunn's motion for summary judgment. As we have determined that a material fact question exists which precludes summary judgment for either party, we need not and do not address whether the affirmative defense of sovereign immunity precludes the granting of summary judgment in favor of Nunn. See Tex. R. App. P. 47.1.

CONCLUSION

Having found that a genuine issue of material fact exists in this case, we reverse the trial court's grant of summary judgment in favor of Trust and render judgment denying both motions.

Mackey K. Hancock
Justice

6